396 So.2d 1316 (1981)
STATE of Louisiana
v.
Quentin J. REED.
No. 80-KA-2050.
Supreme Court of Louisiana.
April 6, 1981.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns, and Cornelius Regan, Asst. Dist. Attys., counsel for plaintiff-appellee.
Howard McCurdy, and Dwight Doskey, New Orleans, Orleans Indigent Defender Program, counsel for defendant-appellant.
PER CURIAM[*]
Defendant Quentin J. Reed was charged by bill of information with purse snatching, *1317 in violation of R.S. 14:65.1. Following trial, the six member jury returned a unanimous verdict of guilty as charged. Defendant was sentenced to serve twenty years at hard labor. On appeal to this Court, defendant argues only that he received an excessive sentence.
In pertinent part, R.S. 14:65.1 states "Whoever commits the crime of purse snatching shall be imprisoned, with or without hard labor, for not less than two years and for not more than twenty years." Defendant thus received the maximum sentence allowed for the crime. Previous decisions of this Court have held that a sentence, although within statutory limits, may be excessive when viewed within the context of the particular crime and the particular defendant involved. State v. Sepulvado, 367 So.2d 762 (La.1979).
Code of Criminal Procedure Article 894.1 delineates considerations which the trial judge must take into account in imposing a sentence of imprisonment as well as mitigating factors which are to be accorded weight in the determination of suspension of sentence or probation. The article also requires that the judge state for the record "the considerations taken into account and the factual basis therefor in imposing sentence."
The crime of purse snatching carries a mandatory prison sentence as noted above. Consequently, our review of defendant's sentence is limited to whether or not its length is excessive when viewed in light of this particular defendant and his background and considering the offense. In sentencing defendant, the trial judge referred to a pre-sentence investigation report which contained information regarding defendant's extensive criminal activity as a juvenile. Several of these offenses involve crimes against the person. As a juvenile, defendant committed two simple robberies and two armed robberies. Additionally, defendant committed theft, two simple burglaries and possession of a controlled dangerous drug. Defendant also escaped once from Milne Boys' Home and once from Louisiana Training Institute.
During sentencing, the judge also made reference to the "factual situation." The victim of the purse snatching testified that defendant hit him on the head and grabbed him around the neck, choking him. The defendant testified that he was unmarried and lived with an aunt and grandmother. At the time of the crime defendant had been unemployed, working occasionally through Labor Pool, and receiving some spending money from his relatives. While the trial judge did not address each of the considerations set forth in Article 894.1, we find that he did articulate sufficient reasons for his having imposed the maximum sentence.
In defendant's favor we note that the instant crime, committed at age twenty-three, is defendant's first adult offense. We choose not to publish the pre-sentence investigation report nor allude to it extensively in this opinion. Nevertheless, we have reviewed that report which, along with defendant's juvenile record, satisfies us that the trial judge did not abuse his discretion in sentencing defendant to the twenty years at hard labor. Thus, the maximum sentence received by defendant does not violate his constitutional protection against an excessive sentence.

Decree
For the foregoing reasons, we affirm defendant's conviction and sentence.
AFFIRMED.
NOTES
[*] Judges James C. Gulotta, John C. Boutall, and Patrick M. Schott of the Court of Appeal, Fourth Circuit, participated in this decision as Associate Justices ad hoc, joined by Chief Justice John A. Dixon, Jr. and Associate Justices Pascal F. Calogero, Jr., James L. Dennis, and Jack C. Watson.