NORRIS, Judge.
Defendant, Donald Ray Cooks, was charged by bill of information with the crime of purse snatching in violation of La.R.S. 14:65.1. After entering into a plea bargain agreement in which it was agreed that the state would “nol pros” a pending charge of armed robbery, the defendant pled guilty to purse snatching and was sentenced to serve twelve years at hard labor. On appeal, defendant only argues that this sentence is excessive.
In pertinent part, La.R.S. 14:65.1 provides:
Whoever commits the crime of purse snatching shall be imprisoned, with or without hard labor, for not less than two years and for not more than twenty years.
Defendant’s sentence is slightly above the median level of the statutorily provided sentence. It is well settled that a sentence, although within statutory limits, may be excessive when viewed within the context of the particular crime and the particular defendant involved. State v. Reed, 396 So.2d 1316 (La.1981); State v. Sepulvado, 367 So.2d 762 (La.1979).
La.C.Cr.P. Art. 894.1 delineates considerations which the trial judge must take into account in imposing a sentence of imprisonment as well as mitigating factors which are to be accorded weight in the determination of suspension of sentence or probation. The trial judge is mandated to state for the record the considerations taken into account and the factual basis therefor in imposing sentence. Because the crime of purse snatching carries a mandatory prison sentence and defendant is a second felony offender, our review of this sentence is limited to whether or not its length is excessive when viewed in light of this particular defendant, his background and this offense.
*196 In sentencing the defendant, the trial judge referred to a pre-sentence investigation report which contained information regarding defendant’s extensive past criminal activity. Since 1972, defendant has been arrested eighteen times and convicted fifteen times. While he admitted to a prior commitment to LTI, the trial judge disregarded any juvenile criminal activity because of a lack of verification. Although most of these convictions were for misdemeanors; seven are for prior thefts or related crimes. There are also convictions for assault and aggravated battery, which are indication of a propensity for violent behavior. Defendant has been placed on probation on two former occasions, each time having his probation revoked as a result of his having engaged in other criminal activity-
The victim of this crime was a 72 year old lady who lost her purse, containing her dentures, glasses and $281 in cash composed of the entire proceeds from her social security check and $40 belonging to her church, without reparation. The trial judge noted and we agree that there was no justification for this crime and the resulting hardship on this elderly victim of limited means.
Defendant has a history of unemployment and an unstable family environment. The trial judge noted specifically that defendant was in need of correctional treatment of a sufficient duration to convince him he could not be allowed to continue with his criminal conduct. The trial judge adequately complied with Article 894.1, articulated sufficient reasons for the imposition of the sentence, and indicated he had weighed the mitigating factors.
We have carefully reviewed the record, including the pre-sentence investigation report. Our review satisfies us that the trial judge did not abuse his discretion in sentencing this defendant to twelve years at hard labor; thus, the sentence is not excessive.
Accordingly, defendant’s conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.