CRAIN, Judge.
Defendant, Alvin Keller, was. charged with violating La.R.S. 14:64 by the armed robbery of Gregory Belland on June 26, 1981. Defendant pled not guilty. He was tried by jury and found guilty as charged. The defendant was then charged as a habitual offender (second) and found guilty as such by the trial court after hearing. The defendant was sentenced to 33 years at hard labor without benefit of parole, probation or suspension of sentence.
According to the record, on June 26,1981, Gregory Belland was attacked by two men who beat him with a stick and robbed him. After the assailants ran off, a bystander, Milton McDaniel, who had thought the three men were merely engaged in a fight, jumped in his car and pursued the two robbers. He located the two men and quickly drove back to the shopping center where he notified a police officer. When the men saw the officer they broke into a run, but the officer was able to chase one of them down and handcuff him. According to testimony at the trial, the victim identified the defendant as one of the men who had robbed him.

Assignment of Error No. 5:

In the defendant’s fifth assignment of error, he asserts that the trial court erred in allowing a witness for the prosecution to testify at trial as to statements made by the victim shortly after the incident. The dis *79 trict attorney’s office was unable to locate the victim, and he was therefore not present at trial. Two of the state’s witnesses, Milton McDaniel, a bystander, and Officer B.B. Thompson, the arresting officer, were allowed to testify over the defendant’s objections as to the victim’s statements when confronted with the defendant shortly after the incident. The trial court ruled that the statements fall under the res ges-tae exception to the hearsay rule and therefore were admissible.
The statement specifically cited in the assignment of error was made at trial by Officer Thompson in which the victim allegedly identified the defendant as the “guy who robbed me.” According to the testimony of Milton McDaniel, who witnessed the actual robbery, the defendant was apprehended within two or three minutes of the incident. McDaniel testified that, as the robbers were running from the scene of the crime, he realized that a robbery had occurred and quickly jumped in his car and within less than a minute spotted the two men walking down a nearby street. He quickly returned to pick up Officer Thompson, now at the scene of the incident, and rushed back to where the two men were walking. He estimated that it only took him about twenty seconds from when he saw them the first time to when he returned with the policeman. He also estimated that the defendant and his companion were only about 300 feet from where the incident had occurred. After the officer restrained the defendant, he told McDaniel to return to the scene of the incident and instruct any policemen who may have arrived there to come help him.[1] McDaniel did so and the officers brought the victim to where the arresting officer and the defendant were waiting. Upon seeing the defendant, the victim allegedly made the statement — “That’s the guy who robbed me, uh, turn him loose, I want some of him” — which Officer Thompson related at trial.
The statement unquestionably constitutes hearsay. State v. Dupree, 377 So.2d 328 (La.1979). However, the State contends that the statement is admissible as a res gestae exception to the hearsay rule. The victim made the statements in question within ten minutes from the time he was beaten and robbed, and was emotionally upset and excited. The state argues that the victim was still totally under the influence of the crime and that the statement made was so close in time to the incident, that it would certainly fit the res gestae exception to the hearsay rule.
There is a tendency in Louisiana courts to admit nonhearsay statements, excited utterances and present sense impressions under the heading of “res gestae” without analysis or discussion. George W. Pugh, Louisiana Evidence Law, “Excited Utterances, Contemporaneous Utterances and Statements Admissible as Part of the Res Gestae.” (1974). Rather than broadly categorize this statement under the heading of “res gestae”, we find it to be what is more properly labeled as an “excited utterance”. For a statement to be admissible under the excited utterance exception, the statement must be made under the influence of an event sufficiently startling so as to render the normal thought processes of the observer inoperative. Additionally, the startled person must not have had time to reflect or fabricate a story. State v. Krolowitz, 407 So.2d 1175 (La.1981); State v. Brown, 395 So.2d 1301 (La.1981); State v. Henderson, 362 So.2d 1358 (La.1978). In State v. Krolowitz, supra, the court held that statements made by the victim of a robbery approximately ten minutes after the robbery had occurred were admissible under the excited utterance exception.
Factors which may be used to determine whether a statement would constitute an excited utterance are (1) how much time had elapsed between the startling event and the statement; (2) whether the statement was self-serving or made in response *80 to an inquiry; (3) whether the excited utterance went beyond a description of the exciting event into past facts or the future; and (4) whether the declarant performed tasks requiring reflective thought processes between the event and the statement. State v. Krolowitz, supra; State v. Brown, supra; State v. Henderson, supra.
In the instant case, the exciting or startling event could be either the robbery itself or the event of seeing the defendant within minutes after the crime, or perhaps both. Both would seem to qualify as a startling event which might trigger the statement of the victim. In applying the factors set forth above to the present case, it is evident that the victim did not have sufficient time to reflect or fabricate a reaction. The statement is not self-serving and was not in response to an inquiry. The statement did not go beyond a description of the robbery into past facts or the future and we have no indication that the victim performed any tasks between the time of the robbery and the statement which would have required reflective thought.
We conclude the statement made falls within the excited utterance exception to the hearsay rule and, therefore, we find no prejudicial error in the trial court’s ruling.
This assignment of error lacks merit.

Assignments of Error Nos. 1-4 and 6-11:

These assignments of error were not briefed and consequently are considered abandoned. State v. Vanderhoff, 415 So.2d 190 (La.1982).
Finding no reversible error in defendant’s assignments of error, we affirm his conviction and sentence.
AFFIRMED.

. The officer and McDaniel’s testimony conflict here. McDaniel says the officer instructed him to bring the victim back with him.