461 So.2d 1273 (1984)
STATE of Louisiana
v.
Leland M. JOHNSON.
No. KA 84 0527.
Court of Appeal of Louisiana, First Circuit.
December 28, 1984.
*1274 Ossie Brown, Dist. Atty. by Kay Bates, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee.
Vince Wilkins, Asst. Public Defender, Baton Rouge, for defendant-appellant.
Before WATKINS, CRAIN and ALFORD, JJ.
CRAIN, Judge.

FACTS
On January 11, 1980, Dartha Watts, a bookkeeper at Ben Peabody's Exxon Station in Baton Rouge, left work between 1:00 and 1:30 p.m. As she walked to her car, which was parked at the station, she noticed a black male standing and talking to another black male sitting in the driver's seat of an olive green Buick LaSabre. She entered her car but could not drive away because her path was blocked by the Buick. The black male who was standing by the *1275 Buick walked over to her car and told Mrs. Watts that she was wanted inside the station. She hesitated for a few minutes, then got out of her car. When she did so the same man grabbed her purse, knocking her down in the process. He then jumped into the back of the Buick LaSabre as the car sped away.
Immediately after the crime occurred, an unknown woman who had been walking on the nearby sidewalk, gave Mrs. Watts the last three license numbers of the car that sped away.
On April 30, 1980, defendant, Leland Johnson, was charged by bill of information with purse snatching in violation of LSA-R.S. 14:65.1.[1] Defendant entered a plea of not guilty. Trial began on November 28, 1983, and a jury of six found him guilty on the same day. On February 28, 1984, the trial judge imposed the maximum sentence of twenty years, with credit for time served.

ASSIGNMENTS OF ERROR
Defendant asks for reversal of his conviction based upon the following assignments of error:
1. The trial court erred when it allowed into evidence the hearsay statements of an unknown bystander.
2. The trial court erred when it allowed the previous testimony of an absent witness to be read by the jury.
3. The trial court erred when it allowed appellant to be convicted contrary to law and evidence.
4. The trial court erred when it imposed an excessive sentence on appellant.

ASSIGNMENT OF ERROR NO. 1
Mrs. Watts testified at trial that immediately after the incident a woman approached her and told her the last three numbers of the license plate of the LeSabre. Defendant objected to admission of this statement as hearsay. The trial judge ruled that the statement was admissible under the res gestae exception to the hearsay rule.
Though a statement is hearsay, if it forms a statutory or jurisprudentially developed exception to the hearsay rule, it is admissible into evidence. La.R.S. 15:434, State v. Smith, 285 So.2d 240 (La.1973). The parties here argue the admissibility of the testimony under the res gestae exception to the hearsay rule.[2] The statement is unquestionably hearsay. Quite possibly the testimony is admissible as part of the res gestae. However, there are two other exceptions to the hearsay rule under which this testimony is admissible. In Smith, 285 So.2d at 244 the Louisiana Supreme Court recognized both the "excited utterance" and the "present sense impression" exceptions to the hearsay rule. The courts have a tendency to discuss all of these exceptions as part of the res gestae exception, but they are distinct exceptions having their own bases for admissibility. State v. Keller, 431 So.2d 78 (La.App. 1st Cir.1983).
Mrs. Watts testified that immediately after the crime occurred, just after the LeSabre had sped away, a woman who had been walking down the sidewalk approached her and told her that the last three digits on the license plate were 488. The declarant must have been in close *1276 proximity when the crime occurred because according to the testimony, she reached Mrs. Watts on foot immediately after the crime was committed. The unidentified woman obviously observed the event otherwise there would have been no reason for her to have retained the license number, nor any reason for her to communicate it to Mrs. Watts. The statement certainly qualifies as an "excited utterance" and is thus admissible. Smith, 285 So.2d at 244-245.
Moreover, we note that the knowledge to the police of the last three digits of the license plate played no part in connecting defendant with the crime or in his subsequent apprehension. Since there was no showing of prejudice, the admission of the statement into evidence would be deemed harmless error even if we had determined that the statement was not an exception to the hearsay rule. La.C.Cr.P. art. 921; see State v. Jackson, 419 So.2d 425 (La.1981).
The assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 2
Deputy Sheriff Alvin Dousay was not available to testify because he was in the hospital for minor surgery. On the basis of La.C.Cr.P. art. 295(B)[3] the trial judge, over the objection of defense counsel, ruled that the jury be allowed to read Deputy Dousay's testimony given during the defendant's first trial for the same offense. Defense counsel argues that admission into evidence of the transcript is an abuse of La.C.Cr.P. 295(B), and violates defendant's right of confrontation protected under U.S. CONST. Amend. VI, XIV, La. CONST. art. I, Sec. 16.
La.C.Cr.P. art. 295(B) allows the introduction of transcribed testimony given at a prior hearing, absent the witness who testified at the prior hearing even though it is hearsay testimony. It sets standards for admission of the testimony designed to obviate the constitutional problems arising from the right of a defendant to confront a witness. The article refers to the admissibility of the testimony of a witness who testified at "... the preliminary examination." However, the testimony of a witness who testified at a prior trial has been held to fall within the purview of this article. State v. Egena, 369 So.2d 1295 (La. 1979), State v. Ghoram, 328 So.2d 91 (La. 1976).
In order for the testimony of a witness, other than the defendant, to be admitted at a subsequent proceeding the Court must find that the witness is dead, too ill to testify, cannot be found, or is otherwise unavailable for testimony. In addition the party offering the testimony must not have procured the absence of the witness whose testimony is offered. La.C.Cr.P. art. 295(B). A defendant's constitutional right to confrontation is satisfied when there is a showing that the witness has been diligently sought without avail or that a good faith effort has been made by the prosecution to secure the witness' presence at trial. State v. Sam, 283 So.2d 81 (La.1973).
Deputy Sheriff Frank Jones testified under oath that at the time of trial, Deputy Dousay was in the hospital undergoing surgery. There is no conflicting evidence as to the truth of Deputy Jones' assertion. The return showing personal service on Deputy Dousay was admitted as evidence. A trial court does not abuse its *1277 discretion unless its findings of fact in rulings on the admissibility of evidence are clearly wrong. State v. Johnson, 458 So.2d 937 (La.App. 1st Cir.1984). Consequently, the trial judge was not clearly wrong in determining that Deputy Dousay was unavailable for testimony at the time of trial because he was presently undergoing surgery. Surgery is a legitimate excuse for unavailability.
The State made a good faith effort to obtain the presence of Deputy Dousay. The State made personal service on him with a subpoena. When he later failed to appear to testify the State searched until he was found in a hospital undergoing surgery. There is every indication that the State expected Deputy Dousay to testify. The reason he could not was that he was unavailable, not because the State failed to find him or failed to make a good faith effort to obtain his presence.
We hold that all the safeguards were met, and that defendant's right of confrontation was not breached. The trial Judge's ruling was correct under La.C.Cr.P. art. 295. There is no merit to this assignment of error.

ASSIGNMENT OF ERROR NO. 3
Defendant alleges as error that the trial judge denied the motion for post verdict judgment of acquittal, thereby allowing defendant to be convicted contrary to law and evidence. La.C.Cr.P. art. 821. It is alleged that essential elements of the crime were not proved: defendant's identity as the perpetrator of the crime; and defendant's specific intent to permanently deprive the victim of her purse and its contents.
The evidence shows that the victim made a positive identification of the defendant at trial. She also made a photo identification of the defendant shortly after commission of the crime. The victim's signature and the date of the identification appear under the photo. The jury obviously believed the victim's testimony. The testimony of the victim is sufficient to establish the elements of an offense. State v. Johnson, 446 So.2d 1371 (La.App. 1st Cir.1984), writ denied, 449 So.2d 1347 (La. 1984). The reliability of the victim's testimony is a matter of weight of the evidence. Determination of the weight to be given evidence is a question of fact for the trier of fact, not subject to appellate review. Johnson, 446 So.2d at 1375.
Specific intent[4] may be proved by direct evidence, such as statements by a defendant, or by inference from circumstantial evidence, such as a defendant's actions or facts depicting the circumstances. State v. Boyer, 406 So.2d 143 (La. 1981); State v. Williams, 383 So.2d 369 (La.1980). The defendant testified at trial that when arrested in Clinton, Louisiana, he was in possession of a stolen credit card bearing the name of Edgar Watts (husband of the victim). From these circumstances alone the jury could have inferred the specific intent of defendant to permanently deprive the victim of something of value. La.C.Cr.P. art. 821 establishes a standard by which to test the legal sufficiency of the evidence. The standard established is whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. La.C.Cr.P. art. 821; State v. Korman, 439 So.2d 1099 (La.App. 1st Cir.1983); State v. Walker, 447 So.2d 54 (La.App. 1st Cir.1984). After viewing the evidence in the light most favorable to the state, a rational juror could find that the defendant committed the crime and specifically intended to permanently deprive the victim of her purse and its contents. We find no error in the trial judge's denial of the post verdict judgment of acquittal under La.C.Cr.P. art. 821.

*1278 ASSIGNMENT OF ERROR NO. 4
Defendant alleges as error that the sentence imposed by the trial judge, although within statutory limitations, is excessive. State v. Sepulvado, 367 So.2d 762 (La. 1979). He also alleges that the trial judge failed to comply with the sentencing guidelines in La.C.Cr.P. art. 894.1.
In sentencing defendant, the trial judge referred to the pre-sentence report regarding defendant's extensive criminal background dating from 1969. The trial judge noted that defendant stood before the court as technically a three time felony offender, this was his fourth felony conviction. The trial judge noted, among other things, that there were also two pending bench warrants for defendant's arrest on felony charges from DeRidder and Donaldsonville, Louisiana. The probation department, noting that defendant was ineligible for supervised probation, recommended that defendant receive the maximum sentence.
The trial judge reviewed other considerations delineated in La.C.Cr.P. art. 894.1. He noted that Mrs. Watts received a cut on her head; that she certainly did not provoke defendant; that he could find no grounds for defendant's conduct; and that a lesser sentence would deprecate the seriousness of his offense. The record also shows that the trial judge considered mitigating circumstances such as defendant's age, education, and drug addiction. The trial judge did not articulate every aggravating or mitigating circumstance of La.C. Cr.P. art. 894.1, but is not required to do so. The record must reflect that he adequately considered the statutory guidelines. State v. Grey, 408 So.2d 1239 (La. 1982). We find the record reflects adequate consideration of the guidelines. Given the sentencing criteria of La.C.Cr.P. art. 894.1, a sentence will not be set aside in absence of manifest abuse of discretion. State v. Wardlow, 448 So.2d 257 (La.App. 1st Cir.1984). We find that there was adequate compliance with La.C.Cr.P. art. 894.1 and no abuse of discretion. The conviction and sentence are accordingly affirmed.
AFFIRMED.
NOTES
[1] La.R.S. 14:65.1 provides:

A. Purse snatching is the theft of anything of value contained within a purse or wallet at the time of the theft, from the person of another or which is in the immediate control of another, by use of force, intimidation, or by snatching, but not armed with a dangerous weapon.
B. Whoever commits the crime of purse snatching shall be imprisoned, with or without hard labor, for not less than two years and for not more than twenty years.
[2] La.R.S. 15:447 provides:

Res gestae are events speaking for themselves under the immediate pressure of the occurrence, through the instructive, impulsive and spontaneous words and acts of the participants, and not the words of the participants when narrating the events. What forms any part of the res gestae is always admissible in evidence.
[3] La.C.Cr.P. art. 295 provides:

A. The transcript of the testimony of a defendant who testified at the preliminary examination is admissible against him upon the trial of the case or, if relevant, in any subsequent judicial proceeding.
B. The transcript of testimony of any other witness who testified at the preliminary examination is admissible for any purpose in any subsequent proceeding in the case, on behalf of either party, if the court finds that the witness is dead, too ill to testify, cannot be found, or is otherwise unavailable for testimony, and that the absence of the witness was not procured by the party offering the testimony.
C. The transcript of testimony given by a person at a preliminary examination may be used by any party in a subsequent judicial proceeding for the purpose of impeaching or contradicting the testimony of such person as a witness.
[4] La.R.S. 14:10 provides:

Criminal intent may be specific or general:
(1) Specific criminal intent is that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act.