474 So.2d 455 (1985)
STATE of Louisiana
v.
Troy M. LAWSON.
No. KA-2760.
Court of Appeal of Louisiana, Fourth Circuit.
August 6, 1985.
*456 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., William R. Campbell, Jr., Patricia E. Black, Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
M. Craig Colwart, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
Before BARRY, CIACCIO and WILLIAMS, JJ.
BARRY, Judge.
Defendant pleaded guilty to purse snatching (La.R.S. 14:65.1), was adjudged a multiple offender and sentenced to twenty years at hard labor. He assigns as error the length of the sentence and his multiple offender conviction.
Defendant admitted pleading guilty to felony theft in Terrebonne Parish on September 28, 1982, but objected to use of that plea due to an alleged faulty Boykinization. The focus of the claim concerns the trial court's charge relating to his right against self-incrimination. The judge stated: "Now, no one can force you to take this witness stand and give testimony against yourself. Do you understand that?" Defendant answered affirmatively.
Under Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) a defendant must be advised of his constitutional rights to trial by jury, to confront his accusers, and against self-incrimination. Upon objection by defense counsel that the predicate guilty plea subsequent to December 8, 1971 does not affirmatively show an express and knowing waiver of those three constitutional rights, the state bears the burden of showing the defendant was informed and expressly and knowingly waived his rights. State v. Holden, 375 So.2d 1372 (La.1979).
The defendant relies on State v. Robicheaux, 412 So.2d 1313 (La.1982) and State v. Martin, 382 So.2d 933 (La. 1980). The prior guilty plea colloquy to be used for enhancement in Robicheaux contains the following statement by the court: "You also give up the right to remain silent because by pleading guilty you're not remaining silent." 412 So.2d at 1316. As in Martin, supra, with a similar previous charge at issue,[1] there was no other reference *457 to self-incrimination in the minute entry or in the waiver of rights form. Robicheaux and Martin, supra, held the defendant had not been properly informed of his right against self-incrimination during trial at the prior guilty plea proceeding at issue for enhancement purposes.
Robicheaux and Martin, supra, are not similar to our facts. On point is State v. Yarbrough, 418 So.2d 503, 509 (La.1982) where the trial court during the previous colloquy advised: "You also give up your right to remain silent, your right against self-incrimination. You are waiving that because you are incriminating yourself when you plead guilty. Do you understand?" The Supreme Court noted the move away from Martin, supra, as a rigid rule and held that the plea was voluntarily and intelligently given, the defendant had been adequately advised of his rights and the predicate plea could be used.[2]
To some extent relying on Yarbrough, supra, this court in State v. Murray, 436 So.2d 775, 779, n. 6 (La.App. 4th Cir.1983) found the following sufficient in the prior colloquy:
Also, you're waiving your privilege against self incrimination because by pleading guilty you are incriminating your self [sic], and by testifying this morning you're incriminating yourself. And you wish to waive the privilege against self incrimination?
The Boykin triology rule was never designed "to serve as a technical trap for conscientious trial judges who conduct a thorough inquiry into the validity of the plea...." State v. Bowick, 403 So.2d 673, 675 (La. 1981). We are satisfied the trial judge properly explained defendant's right against self-incrimination by stating he could not be forced to take the witness stand and testify against himself.
Defendant argues the trial court did not follow the guidelines of La.C.Cr.P. Art. 894.1 and the 20 year sentence is excessive. He submits his prior felony conviction involved a non-violent offense and his record does not justify the sentence.
Article I § 20 of the 1974 Louisiana Constitution prohibits the imposition of excessive punishment. A punishment within the statutory limit is considered excessive if it makes no measurable contribution to acceptable goals of punishment, is nothing more than the purposeless imposition of pain and suffering, and if it is grossly out of proportion to the severity of the crime. State v. Davis, 449 So.2d 452 (La.1984).
The trial court's stated reasons for sentence are the foundation for appellate review of an allegedly excessive sentence. The court need not articulate every statutory aggravating and mitigating circumstance; however, the record must reflect that the judge considered the Art. 894.1 guidelines in particularizing the sentence. State v. Guiden, 399 So.2d 194 (La.1981), cert. denied 454 U.S. 1150, 102 S.Ct. 1017, 71 L.Ed.2d 305 (1982). The court must also state the factual basis for its sentencing conclusions. State v. Soco, 441 So.2d 719 (La.1983).
The trial court stated that the purse snatching was a "particular brutal affair" the sixty-seven year old tourist was knocked down and seriously injured without provocation. Defendant's convictions for misdemeanors in addition to a prior felony conviction were noted. The court concluded the defendant was "getting progressively worse in an [sic] anti-social behavior." *458 Thus, the statutory aggravating circumstances were considered.
Although mitigating circumstances and defendant's personal history should also be considered, State v. Davis, supra; State v. Quebedeaux, 424 So.2d 1009 (La. 1982), lack of compliance or full compliance with Art. 894.1 does not necessarily require that the sentence be set aside if "the record otherwise clearly illumines the trial court's sentencing choice and demonstrates that the sentence is not arbitrary or excessive." State v. Jett, 419 So.2d 844, 852 (La.1982). Also State v. Martin, 400 So.2d 1063, 1074 (La.1981) (on rehearing); State v. Collins, 461 So.2d 384 (La.App. 4th Cir.1984); State v. Brown, 446 So.2d 417 (La.App. 4th Cir. 1984).
The judge stated he could not find any circumstances or conditions that would indicate that defendant's criminal conduct would not re-occur. Thus, he did not find any mitigating factors.
The trial court is given great discretion in sentencing within statutory limits. We are to determine whether the sentence is too severe in light of the circumstances of the particular crime and the particular defendant; similar cases and sentences imposed upon those defendants may be considered. State v. Quebedeaux, supra.
In State v. Reed, 396 So.2d 1316 (La. 1981), a first offender's twenty year sentence was upheld in an opinion which pointed out defendant's extensive prior juvenile record.
A twenty year sentence, State v. Johnson, 461 So.2d 1273 (La.App. 1st Cir.1984), and a twelve year sentence, State v. Cooks, 430 So.2d 194 (La.App.2d Cir.1983), have been upheld by other circuit courts in purse snatching cases. State v. Williams, 467 So.2d 1293 (La.App. 4th Cir.1985) upheld a twenty-five year sentence for a second offender with a lengthy criminal record.
The defendant is a second felony offender with misdemeanor convictions. Coupled with the fact that the elderly victim was seriously injured, we find no abuse of the trial court's sentencing discretion.
We have also reviewed the record for patent errors and find none.
Defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] In State v. Martin, 382 So.2d 933, 935 (La. 1980), the previous plea colloquy transcript is quoted in part: "By pleading guilty, you're also waiving your right to remain silent because you're not remaining silent when you plead guilty. Do you understand that?" Although Martin was overruled in part by State v. Williams, 392 So.2d 448 (La. 1980), its views regarding need for proper Boykinization were not invalidated. See Robicheaux, supra, at 1317, n. 1.
[2] The opinion clarified that the defendant had been adequately advised of the triad of rights under more recent decisions of the Court. State v. Cusher, 400 So.2d 601 (La.1981) was cited in a footnote along with State v. Johnson and Kelly, 404 So.2d 239 (La.1981), cert. denied Kelly v. Louisiana, 456 U.S. 925, 102 S.Ct. 1970, 72 L.Ed.2d 440 (1982), quoted in the body of the opinion.