GARRISON, Judge.
The defendants, Calvin Williams and Keefe Anderson, were charged by bill of information with one count each of purse snatching[1] and attempted purse snatching[2]. Both men were found guilty as charged on both counts. Calvin Williams also pled guilty to the multiple bill filed by the State pursuant to LSA-R.S. 15:529.1 and was sentenced to forty years at hard labor with credit for time served. Keefe Anderson was sentenced to eighteen years at hard labor for the 14:65.1 conviction and to nine years at hard labor for the 14:27 and 14:65.1 conviction. Anderson received credit for time served on both counts and is to serve these two sentences concurrently. Both defendants now appeal their sentences.
The facts of this case are as follows:
On November 25, 1983 at approximately 2 p.m., Dorothy Meyers and Elise Cory were waiting at a bus stop at the corner of Canal and Rampart Streets in New Orleans. Two men, later identified as the defendants, knocked Cory’s purse to the ground. As she and Meyers attempted to retrieve it, one of the defendants grabbed Meyers’ wallet and escaped in the direction of the Iberville Housing Project. The two women gave a nearby policeman descriptions of the two perpetrators. This description was radioed to a policeman in the Iberville Housing Project who almost immediately spotted two men matching these descriptions. These two men were brought back to the scene of the crime where they were positively identified by the victims and were subsequently arrested for purse snatching and attempted purse snatching.
In the first assignment of error, both defendants argue that the sentences im *99 posed are excessive. Although the sentences are within the statutory limits, Williams received the maximum penalty for his purse snatching conviction and Anderson received slightly less than maximum sentences for his purse snatching and attempted purse snatching convictions. The defendants argue that the harsh sentences in this case were unwarranted due to the fact that maximum sentences are generally reserved for the “worst offenders committing the worst sort of crime.” State v. Soco, 441 So.2d 719 (La.1983). Specifically, they argue that although traumatized, the victims in this case suffered no physical injury. The defendants also contend that the trial judge erred in failing to articulate any consideration of possible mitigating factors such as age or lack of adult convictions.
We conclude that, in spite of the criminal histories of the two defendants, the sentences in this case are unduly harsh. Although purse snatching is a very serious offense, the physical threat to victims of this crime is far less than more violent offenses such as armed robbery. Lengthy prison sentences are certainly warranted for crimes in which a person’s life is endangered by an assailant’s use of a deadly weapon. However, in the present case, where neither victim was physically injured or threatened with a deadly weapon, the severe sentences imposed cannot be upheld. Therefore, we find the sentences given to the two defendants to be excessive and we remand this case to the trial court for resentencing.
A review of the record also reveals that the trial court erred in failing to impose sentence for Calvin Williams’ attempted purse snatching conviction. Ordinarily, this omission would be ignored because it is a sentencing error favorable to the defendant. However, in this instance, the defendant has called this error to the court’s attention in his second assignment of error. In this assignment, the defense attorney argues that a patent error exists because the trial court failed to state on which count Williams was multiple billed and because the trial court failed to sentence Williams for both the purse snatching and the attempted purse snatching convictions.
The defendant cites the case of State v. Sherer, 411 So.2d 1050 (La.1982), as authority for his first contention that the failure of the trial judge to state the conviction upon which the defendant was multiple billed constitutes reversible error and mandates a remand of this case for resentenc-ing. However, the Sherer case is distinguishable in that the defendant in that case was convicted on two counts of the same offense. Because the trial judge in that case found that only one of the two counts of the conviction could be used in sentencing the defendant as a multiple offender,[3] he ruled that the sentence be set aside in light of the fact that the multiple bill did not clearly indicate which count was used in the application of the multiple bill.
It is obvious from the record in this case that the enhanced penalty received by the defendant relates to his conviction for purse snatching and not to his conviction for attempted purse snatching. Because the purse snatching statute, R.S. 14:65.1, states a sentencing range from two to twenty years, it follows that a forty year enhanced penalty results from this conviction and not from the attempted purse snatching conviction which carries a maximum penalty of only ten years. Therefore, because the record and the statutes clearly indicate that the defendant received an enhanced penalty for the R.S. 14:65.1 conviction, the failure of the trial judge to articulate this fact does not constitute reversible error.
However, there is merit in defendant’s second contention that the trial judge’s failure to impose sentence on the attempted purse snatching conviction con *100 stitutes an error patent on the face of the record. Because the defendant has called this error to the attention of the court, this case must be remanded to the trial court for sentencing on the attempted purse snatching conviction. LSA-C.Cr.P. art. 882. However, this error can be corrected without deviation from the views set forth in the earlier part of this opinion.
There are no other errors patent on the face of this record.
Therefore, for the reasons stated above, the convictions of both defendants are affirmed, the sentences imposed upon both defendants are vacated and this case is remanded to the trial court for resentenc-ing.
CONVICTIONS AFFIRMED, SENTENCES VACATED, CASE REMANDED FOR RESENTENCING.

. LSA-R.S. 14:65.1 states as follows:
A. Purse snatching is the theft of anything of value contained within a purse or wallet at the time of the theft, from the person of another or which is in the immediate control of another, by use of force, intimidation, or by snatching, but not armed with a dangerous weapon.
B. Whoever commits the crime of purse snatching shall be imprisoned, with or without hard labor, for not less than two years and for not more than twenty years.

. LSA-R.S. 14:27, the attempt statute, states in pertinent part:
A. Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose ...
D. Whoever attempts to commit any crime shall be punished as follows: ...
(3) In all other cases he shall be fined or imprisoned or both, in the same manner as for the offense attempted; such fine or imprisonment shall not exceed one-half of the largest fine, or one-half of the longest term of imprisonment prescribed for the offense so attempted, or both.

. In State v. Chapman, 367 So.2d 808 (La. 1979), the Louisiana Supreme Court, citing State v. Schamburge, 344 So.2d 997 (La. 1977) and State v. ex rel. James Henry Jackson v. Henderson, 283 So.2d 210 (La.1973), held that convictions on more than one count entered on the same day should be treated as one conviction for multiple bill purposes.