LINDSAY, Judge.
The defendant, Michael D. Harris, was originally charged with two counts of purse snatching, in violation of LSA-R.S. 14:65.1. After a jury trial, the defendant was found guilty of one count of purse snatching. A multiple offender bill was filed against the defendant under LSA-R.S. 15:529.1. The trial court sentenced the defendant to forty years at hard labor as a third felony offender. On appeal, the defendant’s conviction was affirmed, but this court determined that the defendant was only a second felony offender. Consequently, the defendant’s sentence was vacated, and the case was remanded to the trial court for resentencing. (# 19,299-KA) On remand, the defendant was resentenced to forty years at hard labor. The defendant appeals.
FACTS
On November 21,1985, two men ran past a woman in the parking lot of a grocery store in Bossier City, Louisiana, and grabbed her purse. On November 27, 1985, a similar incident occurred at the same store. The defendant was arrested and charged in connection with both incidents. Following a jury trial, he was convicted only of the first offense (after being positively identified by an eyewitness as one of the assailants), and he was found not guilty of the second offense.
A multiple offender bill was filed against the defendant pursuant to LSA-R.S. 15:529.1. It contained a recitation of three prior convictions: burglary, September 5, 1984; felony theft, September 5,1984; and simple burglary, March 17, 1986.[1] On April 3, 1987, the trial court sentenced the defendant as a third felony offender. The trial court determined that the defendant was a third felony offender based upon the instant offense and the 1984 burglary conviction and the 1986 conviction. It imposed the maximum sentence allowed under LSA-R.S. 14:65.1 and 15:529.1, forty years at hard labor.
On appeal (# 19,299-KA), the defendant’s conviction was affirmed. However, this court vacated his sentence. The court found that the trial court improperly considered the 1986 conviction, because the conviction for that offense was not obtained until after the commission of the present offense in November, 1985. Thus, the defendant could only be viewed as a second felony offender under LSA-R.S. 15:529.1. The case was remanded to the trial court for resentencing.
On February 16, 1988, the trial court resentenced the defendant, once again imposing a sentence of forty years at hard labor. The trial court stated that it felt that the defendant’s status as a second or third felony offender was of little consequence as the maximum penalty for either was the same, i.e. twice the maximum sentence for the crime. As the trial court found that the defendant’s character and actions demanded long term incarceration, it again sentenced the defendant to serve forty years at hard labor.
The defendant appeals, contending that the trial court imposed an unconstitutionally excessive sentence. For the following reasons, we vacate the sentence of the trial court and remand this case for resentenc-ing, with instructions.
*1133 LAW
In determining whether a sentence is excessive, the test imposed by the reviewing court is two-pronged. First, the record must show that the trial court took cognizance of the factors set forth in LSA-C.Cr.P. Art. 894.1 which enumerates criteria to consider in determining whether a sentence is excessive. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Hammonds, 434 So.2d 452 (La.App. 2d Cir.1983), writ denied 439 So.2d 1074 (La.1983); State v. Tully, 430 So.2d 124 (La.App. 2d Cir.1983), writ denied 435 So.2d 438 (La.1983)
While the trial court need not articulate every aggravating and mitigating circumstance outlined in LSA-C.Cr.P. Art. 894.1, the record must reflect that the court adequately considered those guidelines in particularizing the sentence to the defendant. State v. Smith, 433 So.2d 688 (La.1983); State v. Hammonds, supra; State v. Cunningham, 431 So.2d 854 (La.App. 2d Cir.1983), writ denied 438 So.2d 1112 (La.1983).
After determining whether the provisions of LSA-C.Cr.P. Art. 894.1 have been complied with by the trial court, the reviewing court must then determine whether the sentence imposed is too severe given the circumstances of the case and the background of the defendant.
The sentencing court is given wide discretion in imposing a sentence within the statutory limits and such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion by the sentencing court. State v. Square, 433 So.2d 104 (La.1983); State v. Hammonds, supra; State v. Brooks, 431 So.2d 865 (La. App. 2d Cir.1983).
A sentence is unconstitutionally excessive in violation of La. Const. 1974 Art. 1, § 20 if the sentence is grossly out of proportion to the severity of the offense or nothing more than the needless and purposeless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Cunningham, supra. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it is so disproportionate as to shock the sense of justice. State v. Lewis, 430 So.2d 1286 (La.App. 1st Cir.1983), writ denied 435 So.2d 433 (La.1983).
In selecting a proper sentence, a trial judge is not limited to considering only a defendant’s prior convictions, but may properly review all prior criminal activity. State v. Palmer, 448 So.2d 765 (La.App. 2d Cir.1984), writ denied 452 So.2d 695 (La.1984). As a general rule, maximum or near maximum sentences are to be reserved for the worst offenders and the worst offenses. State v. Lathers, 444 So.2d 96 (La.1983); State v. Telsee, 425 So.2d 1251 (La.1983); State v. Williams, 454 So.2d 1287 (La.App. 2d Cir.1984).
DISCUSSION
The defendant argues that the trial court failed to give full and adequate consideration to the sentencing guidelines of LSA-C. Cr.P. Art. 894.1. He argues that the victim of the purse snatching was not injured, only a small amount of money was stolen, and the duration of the crime was only a few seconds. Consequently, this offense was not the most “serious violation of the statute” and the defendant was not the “worst offender.”
The defendant cites several cases in which persons with past criminal records received lesser sentences for the offense of purse snatching. See State v. Johnson, 461 So.2d 1273 (La.App. 1st Cir.1984) (20 years at hard labor), State v. Murray, 476 So.2d 1170 (La.App. 3rd Cir.1985) (20 years at hard labor), and State v. Cooks, 430 So.2d 194 (La.App. 2d Cir.1983) (12 years at hard labor). As argued by the defendant, those cases illustrate the excessiveness of the defendant’s sentence.
Further, we note that no reported case, where multiple offender charges have been filed, has approved a sentence of forty years at hard labor for purse snatching. For example, in State v. Williams, 482 So.2d 97 (La.App. 4th Cir.1986), the defendant was convicted of one count of purse snatching and one count of attempted purse snatching. His sentence of forty *1134 years at hard labor, as a multiple offender, for the offense of purse snatching was found to be “unduly harsh.” The court held that where neither of the two victims was physically injured or threatened with a deadly weapon, such a severe sentence could not be upheld.
In other cases involving multiple offenders, the punishments have been considerably less than the maximum forty year term. In State v. Morton, 483 So.2d 174 (La.App. 2d Cir.1986), a second felony offender was sentenced to eight years at hard labor for purse snatching where he had used a knife to cut the victim’s purse strap. That defendant was a married man with a young child, he had a learning disability, and he had previously been hospitalized for mental problems. In State v. Lawson, 474 So.2d 455 (La.App. 4th Cir.1985), a multiple offender was sentenced to a term of twenty years at hard labor for a purse snatching in which an elderly tourist in New Orleans was knocked down and seriously injured. The defendant had previously been convicted of a felony as well as an unspecified number of misdemeanors. The trial court found that the defendant was displaying progressively worse “antisocial behavior.”
In State v. Williams, 467 So.2d 1293 (La.App. 4th Cir.1985), a second felony offender received a sentence of twenty-five years at hard labor. He rode up on a bicycle to grab the purse of the fifty-nine year old victim, who was on foot. During the ensuing struggle, the purse strap broke, and the defendant rode off with the purse, which contained only a few dollars. The defendant’s lengthy criminal record included arrests for theft, two charges of criminal trespass, possession of marijuana, armed robbery, possession of stolen property, burglary, attempted auto theft, possession of a stolen vehicle, simple escape, attempt to carry a concealed weapon, battery on an officer, resisting an officer and flight from an officer.
The defendant in the present case has a criminal record as both a juvenile and as an adult. The adult record of the defendant, who was twenty years old at the time of the commission of this offense, began in 1982 when he was arrested for simple burglary. He was sentenced to serve three years at hard labor, but was placed on supervised probation for three years. In 1983, he was arrested for burglary of an inhabited dwelling. He pled guilty to criminal damage to property and criminal trespass, and received a jail term of six months.
In 1984, the defendant was convicted of burglary and felony theft in Arkansas. He was sentenced to ten years imprisonment, with five years suspended during good behavior. He was paroled in April of 1985. On August 21, 1985, he was arrested for simple burglary. This arrest led to a conviction, and he received a sentence of four years at hard labor to be served consecutively with any other sentence. As part of the plea bargain, the state dismissed pending charges of possession of a firearm by a convicted felon, receiving stolen goods valued at more than $500.00, and receiving stolen things valued at more than $100.00.
In addition to the defendant’s previous convictions, he has been arrested on several other occasions, although the charges were later dismissed. The defendant left school at age fifteen after completing the tenth grade. According to his mother, the defendant attended School Away From School for a short period of time. The defendant was briefly employed as a roofer.
The penalty for purse snatching is imprisonment, with or without hard labor, for not less than two years and for not more than twenty years. LSA-R.S. 14:65.1. A second felony offender is exposed to a sentence of “not less than one-third the longest time and not more than twice the longest term prescribed for a first conviction.” LSA-15:529.1(A)(1).
At the original sentencing hearing of the defendant, the trial court reviewed the defendant’s record. He found that the defendant was a “career criminal” who had committed crimes as both a juvenile and as an adult. The trial court noted the defendant’s lack of remorse for his criminal activi-' ties, and the lack of any victim inducement *1135 or facilitation of the crime. It also found the defendant ineligible for probation, intensive incarceration, or the intensive parole supervision program. In imposing the maximum sentence under the habitual offender statute, the trial court stated that extended incarceration was the only way to protect the public from the defendant’s criminal activities.
When the trial court resentenced the defendant, it stated that his character and nature were such that he still needed correctional treatment which would be most effectively provided by a period of long term incarceration. The court noted that the maximum penalty for a second or third offender was the same — namely, twice the longest possible sentence. Consequently, in view of the factors enumerated at the original sentence, and the serious nature of the crime, the trial court imposed the same sentence as previously.
The offense of purse snatching is indeed a serious crime. It was so recognized by the legislature when it set the maximum penalty at twenty years. We agree with the trial court that, in view of the defendant’s past criminal record, a long period of incarceration is required in order to effectively punish the defendant for the commission of his crime, and to protect the public. However, considering the facts of this case, we conclude that a term of imprisonment at hard labor for forty years is excessive to achieve those goals.
After careful examination of the record, it is clear that the trial court erred in imposing a sentence of forty years at hard labor. In this case, the crime was not committed in the worst way, nor is the youthful defendant one of the “worst offenders”, for whom maximum sentences are reserved. The victim of this offense was not injured, nor was a large sum of money stolen. The defendant was only twenty years of age when the offense was committed. While the defendant has had several previous convictions, we believe his youth mitigates strongly in his favor. We find that a more appropriate sentence for the defendant would be one not in excess of twenty-five years at hard labor. The case is remanded to the trial court for resentencing in compliance with this opinion.
CONCLUSION
The defendant’s sentence is vacated, and this case is remanded to the trial court for resentencing, such sentence not to exceed a term of twenty-five years at hard labor.
SENTENCE VACATED. REMANDED FOR RESENTENCING.

. The pre-sentence investigation report indicated that, while originally charged with simple burglary, the defendant pled guilty to felony theft in connection with this last offense.