WARD, Judge.
Julius and Bryant Banks each pled guilty to a charge of armed robbery. The Trial Judge sentenced each to serve twelve years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. Julius and- Bryant Banks appeal their sentences.' We affirm.
In their sole assignment of error, Julius and Bryant Banks claim the Trial Court erred by imposing excessive sentences in violation of Article I, Section 20 of the 1924 Louisiana Constitution and in failing to give reasons for their sentences as required by La.C.Cr.P. art. 894.1.
The record reveals that Julius and Bryant Banks were two of five participants in an armed robbery of a 7-11 convenience store on April 18, 1985. One of the perpetrators, later identified as Earl Moffett, held a gun on the store clerk while Julius Banks jumped the counter and removed money from the cash register and Bryant Banks stole cigarettes and opened the store safe to remove money. Julius was 17 years old and Bryant was 16 years old when the robbery occurred. Both Julius and Bryant pled guilty with the understanding their sentence would be not less than ten nor more than twelve years imprisonment at hard labor, depending on the pre-sentence investigation reports. After reviewing the reports and after making a detailed statement of his reasons for imposing the particular sentences, the Trial Judge sentenced Julius and Bryant each to twelve years imprisonment.
In claiming his sentence is excessive Julius Banks argues that the Trial Judge failed to enunciate any aggravating and mitigating factors he may have considered when imposing sentence. Particularly, he claims the Judge ignored mitigating factors such as: 1) his age, 2) that he was previously diagnosed as mildly mentally retarded, 3) that his two previous convictions, criminal damage to property and sexual battery, were juvénile adjudications, and 4) that he was not the gunman in the instant offense. Bryant Banks also alleges the Trial Judge did not comply with La.C.Cr.P. art. 894.1 and lists his mitigating circumstances as: 1) his age, 2) that he came from a bad environment, 3) that his only .prior convictions, theft and criminal damage to property, were juvenile adjudications, and 4) that he was not the gunman in the robbery.
When a specific sentence range has been agreed upon as a result of a plea bargain, a sentence imposed which is with *28 in that range cannot be appealed as excessive, and the Trial Judge need not articulate reasons for the sentence as required by La.C.Cr.P. art. 894.1. State v. Bell, 412 So.2d 1335 (La.1982).
In this case, the Trial Judge imposed the maximum sentence within the limits to which Julius and Bryant Banks agreed when they entered their guilty pleas. Although the Trial Judge need not have articulated reasons, he did so, and his statement of his reasons for imposing the sentences, while not making specific reference to article 894.1, nevertheless clearly shows his careful study of the pre-sentence investigation reports as well as his belief that the crime committed was an extremely serious offense. In fact, the statutory penalty range for armed robbery is five to ninety-nine years imprisonment. La.R.S. 14:64B.
Considering the gravity of the offenses as well as the potential sentences the Banks brothers could have received had they not entered into a plea bargain, the sentences imposed are not excessive. Moreover, the range of sentences was a condition to their plea bargain. Their sole assignment of error is without merit.
We have reviewed the record for errors patent and have found none.
For the foregoing reasons, the convictions and sentences of Julius and Bryant Banks are affirmed.
AFFIRMED.