PER CURIAM.
The defendants pleaded guilty to purse snatching, La.R.S. 14:65.1, and each was sentenced to ten years at hard labor. Both defendants appeal and argue that their sentences are excessive.
The defendants were originally charged with armed robbery. They pleaded guilty to purse snatching pursuant to a plea bargain. At the sentencing hearing the trial court stated that their pleas were predicated on a certain sentence. Both defense counsel agreed. The court sentenced each defendant to ten years at hard labor with credit for time served. Defendants argue that the trial court gave no reason for the sentence and did not comply with La.C. Cr.P. Art. 894.1.
When a specific sentence has been agreed to as a consequence of a plea bargain, that sentence cannot be appealed as excessive. There is no need for the trial court to articulate reasons for the sentence as required by La.C.Cr.P. Art. 894.1. State v. Bell, 412 So.2d 1335 (La.1982); State v. Banks, 551 So.2d 26 (La.App. 4th Cir.1989), writ denied 558 So.2d 568 (La.1990). Because the defendants’ sentences were part of their plea bargains, their sentences cannot be appealed as excessive.
The argument that the ten year sentences are constitutionally excessive on a charge for which they could have been sentenced up to twenty years is without merit. See State v. Reed, 396 So.2d 1316 (La.1981).
We have reviewed the record for errors patent and there are none.
The convictions and sentences are affirmed.
AFFIRMED.