J^PLOTKIN, Judge.
Alfred Carter was convicted of possession of cocaine with intent to distribute, a violation of La. R.S. 40:967(B)(1), and was sentenced to fifteen years at hard labor as a second offender. He has appealed his conviction, asserting four assignments of error. We affirm for the reasons stated below.

STATEMENT OF THE CASE

On August 7, 1998, appellant Alfred Carter was charged by bill of information with possession of cocaine with intent to distribute. Following a jury trial on December 3, 1998, Carter was found guilty as charged. On December 10, 1998, he was sentenced to ten years at hard labor. On January 21, 1999, he pled guilty to the multiple bill, charging him as a second offender, and was resentenced to fifteen years at hard labor under the Habitual Offender Statute.

STATEMENT OF THE FACTS

On August 4, 1998, at about 3:00 p.m., based on a tip from a reliable confidential informant, Officers Robert Ferrier and Kyle Hinrichs set up surveillance at the intersection of Josephine and South Liberty Streets, at the site of [2an abandoned bar. The confidential informant had advised Officer Ferrier that a man was selling drags at that location. The confidential informant described the appellant’s hair color, clothing and height.
During the surveillance, the officers observed the appellant meet with a man later determined to be Cornell Williams. After a brief conversation, the appellant accepted currency from Mr. Williams, which he placed in his right back pants pocket. The appellant then went to a partially boarded up window of the bar and retrieved a white object. He unfolded the white object, removed a small object, refolded the white object and replaced it on the inside of the window. The appellant returned to Mr. Williams and gave him the small object. Mr. Williams then left the scene.
Officer Ferrier left the surveillance location and pursued Mr. Williams. He detained Mr. Williams about a block away from the transaction. In his clenched fist, Mr. Williams had a yellow ziplock bag that contained what appeared to be powdered cocaine. Mr. Williams told Officer Ferrier that he bought the cocaine at the corner of Josephine and South Liberty Streets, but refused to say from whom. Officer Ferrier radioed Officer Hinrichs and the backup officers, Sgt. Steven Gaudet and Officer Carlos Bellow, to disclose his findings.
Sgt. Gaudet and Officer Bellow stopped the appellant, while Officer Hinrichs went to the window where the appellant had gotten the object he sold to Mr. Williams. Officer Hinrichs found a folded white paper napkin containing thirteen ziplock bags, each holding a powdered substance. Eight of the bags were yellow, matching the bag retrieved from Williams. Five of the bags were blue.
In the search incident to arrest, Sgt. Gaudet and Officer Bellow recovered seventy dollars in U.S. currency from the appellant’s pants pocket.
IsThe defense stipulated to the testimony of the State’s expert, per the crime lab report, which indicated that the white powder contents of the two packages, identified by incident number with this arrest, tested positive for cocaine.
Officers Hinrichs and Ferrier both testified at trial that, after being advised of his Miranda rights at the district station, the appellant stated that he did sell cocaine, but did not make the sale to Williams. Officer Ferrier was cross-examined on this issue, because he allegedly indicated in his police report that the appellant made the *216 statement at the scene. Officer Ferrier explained that if the police report said the statement was made at the scene, it was merely a typographical error.

ERRORS PATENT

A review of the record for errors patent indicates that there was an error in the sentence. The appellant was sentenced to fifteen years at hard labor as a second offender under the Habitual Offender Statute. The sentencing range for a first offender convicted of cocaine with the intent to distribute is five to thirty years at hard labor, with the first five years without benefit of probation, parole or suspension of sentence. La. R.S. 40:967 B(4)(b). The sentencing range for a second offender under a multiple bill is one-half the longest term to twice the longest term for a first offender. La. R.S. 15:529.1 A(l)(a). In the instant case, the trial court failed to impose the prohibition against probation, parole or suspension of sentence, as prescribed by the sentencing provision of the offense. However, because this error is favorable to the appellant and was not raised by the State, it may not be corrected on appeal. State v. Gervais, 546 So.2d 215 (La.App. 4 Cir.1989).
| ¿ASSIGNMENT BY COUNSEL
Appellant, through counsel, argues that the trial court erred in refusing to order a mistrial or admonish the jury following the revelation that the State failed to inform the defense of a statement made by the defendant.
La.C.Cr.P. art. 768 provides:
Unless the defendant has been granted pretrial discovery, if the state intends to introduce a confession or inculpatory statement in evidence, it shall so advise the defendant in writing prior to beginning the state’s opening statement. If it fails to do so a confession or inculpatory statement shall not be admissible in evidence.
This court discussed the issue of noncompliance with the Article 768 notice requirement in State v. Collins, 584 So.2d 356, 361-62 (La.App. 4 Cir.1991), as follows:
Where the defendant has been lulled into a misapprehension of the strength of the State’s case by the failure to disclose fully, such prejudice may constitute reversible error. State v. Ray, 423 So.2d 1116 (La.1982); State v. Strickland, 398 So.2d 1062 (La.1981). However, the failure of the State to comply with discovery procedures will not automatically command reversal. Ray, supra. The reviewing court must review the record and make a determination of whether any prejudice which may have resulted from noncompliance has caused the trier of fact to reach the wrong conclusion. State v. Mitchell, 412 So.2d 1042 (La.1982); Strickland, supra. Failure to provide the defendant with correct Article 768 notice may be harmless error where the remaining evidence of guilt is overwhelming. State v. Jackson, 450 So.2d 621 (La.1984).
In the instant case, the appellant complains that he was not advised of the “second” statement by proper Article 768 notice prior to the opening statement. The record contains no bill of particulars or defense motions for discovery. However, it does contain a police report, and a transcript of the motion to suppress evidence and statements. The “gist” provided in the record makes no mention of any oral or written statement by the appellant, and the first page of the report |..¡indicates that the appellant was advised of his rights by Officer Ferrier and waived them.
The motion to suppress was heard on September 4, 1998. At that hearing, Officer Hinrichs testified that the appellant stated, on the scene, that he was selling drugs, but did not sell them to Mr. Williams. Officer Hinrichs further testified that the statement was made in the presence of Sgt. Gaudet and Officer Bellow. Officer Hinrichs testified that the *217 statement was voluntary, made in response to questioning after being advised of his Miranda rights. He further testified that Officer Ferrier advised the appellant of his rights again at the district station.
On October 19, 1998, the State provided defense counsel with a notice of intent to use the oral inculpatory statement made on the scene to Officers Hinrichs and Bellow and Sgt. Gaudet. The information in that notice is consistent with Officer Hin-richs’s motion testimony.
At trial, Officer Hinrichs related appellant’s oral statement of essentially the same substance as the one he related in his testimony at the motion to suppress hearing. However, he testified at trial that the statement was made at the district station, and Officer Ferrier wTas present. Defense counsel made no objection to this testimony.
Officer Ferrier then testified that he was not present on the scene when the appellant was arrested, but rather transported Williams to the district station. He further testified that he advised the appellant of his rights at the district station, after which the appellant admitted selling drugs, but not to Mr. Williams. He further testified that the oral statement was made before himself and Officer Hinrichs. Again, defense counsel made no objection.
|fiIn cross-examination of Officer Ferrier, defense counsel referred to the statement made at the station as the “second” statement. Officer Ferrier testified that this was the only statement, and that any information to the contrary in the police report was merely a typographical error.
At the conclusion of Officer Ferrier’s testimony, defense counsel moved for a mistrial for the State’s failure to notify him prior to trial of this “second” statement. A discussion at the bench followed. The confusion surrounding the “second” statement was due primarily to the admission of a statement by Williams, the buyer, which was made at the scene of his arrest. Ultimately, the prosecutor made it clear that there were never two oral statements by the appellant, but rather there was a single statement made by him at the station, not at the scene of arrest. She further advised the court, “the officer had just told me today before he testified that there was a correction. It should be at the station and not at the intersection, which is a typo, and I used that when I gave the notice saying intersection.”
A review of the trial testimony indicates that both officers testified at trial to only a single statement. The police report provided in the record is consistent with the officers’ trial testimony, that the appellant made a single oral statement. The only reference to a second statement heard by the jury was by defense counsel, and Officer Ferrier corrected that reference in his testimony. The substance of the statement elicited at trial was consistent with the testimony of Officer Hinrichs at the motion to suppress. In the trial court’s denial of the motion for mistrial, the court noted that counsel could bring out the discrepancies in the testimony and the police report in his closing argument.
Considering that the evidence was more than sufficient to support the conviction without the admission of the appellant’s inculpatory statement; and |7further considering that the appellant fails to indicate how he might have altered his defense had the Article 768 notice provided the correct location of the oral statement, any error in the admission of the statement is harmless.

PRO SE ASSIGNMENT ONE

The appellant pro se argues that the court erred by admitting his inculpato-ry statement, which was made without proper Miranda warnings. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), established the rule that a prosecutor, before using an accused’s confession at trial, must establish that the accused was informed of his or her rights against self-incrimination and to have an attorney present at any interrogation; that the accused fully understood the *218 consequences of waiving those rights; and that the accused voluntarily waived those rights without coercion.
The trial testimony of Officers Hinrichs and Ferrier indicates that the appellant was informed of his Miranda rights, indicated that he understood them, and that he waived those rights by making an oral inculpatory statement. This assignment is without merit.

PRO SE ASSIGNMENTS TWO AND THREE

In pro se assignment two, the appellant argues that the court erred by failing to give oral reasons for its multiple bill sentence. In pro se assignment three, he argues that his sentence is excessive. The record indicates that no oral or written motion to reconsider the sentence was filed after the appellant’s multiple bill sentence was imposed. Accordingly, the appellant has waived any right to review the sentence on appeal or post conviction. However, even had these issues been preserved for appeal, |Rthey would have no merit.
The multiple bill transcript and waiver of rights form both indicate that the appellant was aware of the minimum sentence, which he received, prior to pleading guilty to the multiple bill. Where a defendant pleads guilty, knowing a specific sentence will be imposed, he cannot then claim that the sentence is excessive, nor can he complain that the trial court failed to give reasons for the sentence. State v. Bell, 412 So.2d 1335, 1336 (La.1982); State v. Banks, 551 So.2d 26, 27-28 (La.App. 4 Cir.1989), writ denied, 558 So.2d 568 (La.1990).
In addition, under La.C.Cr.P. art. 894.1, the sentencing court should provide an explanation for a particularized sentence when it has discretion to choose a sentence tailored to the offender’s circumstances from within a legislatively provided sentencing range. Here, while the trial court did not formally comply with La. C.Cr.P. art. 894.1, it imposed the lowest possible sentence under the statute. Thus, there was no necessity to explain a term that was statutorily mandated. Accordingly, there was no violation of La.C.Cr.P. art. 894.1.

CONCLUSION

Accordingly, we affirm appellant’s conviction and sentence.

AFFIRMED.