BARRY, Judge.
The relator is before this Court requesting a mandamus ordering the trial court to consider his application for post-conviction relief. On February 7, 1988 the trial court rendered a judgment denying relief, making the mandamus request moot. In the *219 interest of judicial economy we will consider the merits.
On December 13, 1976 a jury found relator guilty of five counts of armed robbery and on January 3, 1977 he was sentenced as a multiple offender to serve forty years at hard labor. On January 3,1978 the trial court granted relator’s motion for a new trial.
On March 22, 1978 a jury found the relator guilty of five counts of armed robbery. On March 29, 1978 he admitted being the same person named in the multiple bill and the trial court sentenced him as a second offender to forty years at hard labor. In State v. Tucker, 464 So.2d 300 (La.1985), the Supreme Court vacated relator’s sentence as a multiple offender. On June 14, 1986 the trial court resentenced relator as a first offender to serve 35 years at hard labor without benefit of parole, probation, or suspension of sentence on each count, the sentences to run concurrently. The trial court noted that the relator would be eligible for good time from March 29, 1978, the date relator was sentenced following the second trial.
CLAIM NO. 1
Relator claims he was denied effective assistance of counsel at resentencing because the attorney did not say or do anything. He also alleges the sentencing transcript does not show that his attorney stated that he was “just standing in for this one.” He further asserts his attorney should have been prepared to dispute the trial judge’s findings concerning “good time” eligibility.
A claim of ineffective assistance of counsel is to be assessed by the two-part test of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Fuller, 454 So.2d 119 (La.1984). The relator must show that counsel’s performance was deficient and that the deficiency prejudiced the relator. Relator must make both showings in order to prove that counsel was ineffective.
The sentencing transcript indicates relator’s attorney did not say anything during the hearing. The trial court noted the Supreme Court’s order vacating the multiple bill sentence and then adopted the factual basis from the original sentencing for the imposition of the 35 year sentence.
The transcript does not show that relator’s counsel’s performance was deficient or that relator suffered prejudice. Assuming, arguendo, relator’s attorney was in fact just “standing in for this one”, there is no showing of prejudice. Relator believes his attorney should have moved for a continuance of the sentencing proceeding and order copies of relator’s rap sheet to show the trial judge when he is to receive “good time” eligibility. However, relator’s eligibility for good time is a matter which can be reviewed on appeal and via post conviction relief. This claim lacks merit.
CLAIM NO. 2
The relator seeks to receive “good time” eligibility from January 3, 1977. At the 1985 resentencing the trial court specified relator will receive eligibility from March 28, 1978. The crux of relator’s claim is that the trial court did not know that he was receiving “good time” from January 3, 1977, the date of his first sentence, and at resentencing the court stated he would receive “good time” from the date of the second sentencing.
Relator is contesting the computation of “good time” credit which claim must be filed in East Baton Rouge Parish. La.R.S. 15:571.15.
CLAIM NO. 3
Relator claims the trial court failed to comply with La.C.Cr.P. Art. 894.1 when imposing sentence.
The trial judge’s stated reasons for sentencing are the foundation of appellate review of an allegedly excessive sentence. State v. Lawson, 474 So.2d 455 (La.App. 4th Cir.1985). Relator does not claim his sentence is excessive, only that the trial court failed to follow statutory guidelines. This claim does not raise an issue upon which relief can be granted. La.C.Cr.P. Art. 930.3.
WRIT DENIED.