United States Court of Appeals,

Fifth Circuit.

No. 91–3242.

Raymond Alton TUCKER, Petitioner–Appellant,

v.

Ed DAY, Warden, Et Al., Respondents–Appellees.

Aug. 26, 1992.

Appeal from the United States District Court for the Eastern District of Louisiana.

Before WISDOM, SMITH and EMILIO M. GARZA, Circuit Judges.

WISDOM, Circuit Judge.

The petitioner/appellant filed a petition for writ of habeas corpus raising allegations of error by the state trial court, prosecutorial misconduct, and ineffective assistance of counsel. The district court dismissed the petition with prejudice. We affirm the judgment of the district court with respect to all of the petitioner's allegations except for the allegation of ineffective assistance of counsel at a resentencing hearing. We hold that the failure of petitioner's appointed counsel to provide any assistance at the resentencing hearing constituted a constructive denial of counsel in violation of the guarantees of the Sixth Amendment.

I.

The petitioner, Raymond Alton Tucker, is currently serving a thirty-five year sentence as the result of a conviction for armed robbery. An unusual robbery occurred in 1976 at the Town & Country Hotel located in New Orleans. The robber, a black male wearing a bandana that kept slipping down, entered the front door of the hotel, drew a revolver, robbed the desk clerk and the hotel owner, and then ordered them to run down the hallway shouting "Fire". As hotel guests came out of their rooms, the intruder robbed them, one by one. After a number of successes, the robber fled the scene in an automobile stolen from one of the hotel guests.

Shortly after the robbery, Vernon Manuel, one of the victims, found a wallet in the pocket of what he thought was his jacket. Upon examining the photograph on the driver's license in that wallet, Manuel concluded that the photograph resembled the robber. No satisfactory explanation for this discovery appears in the record. Manuel and the owner of the hotel summoned the police and informed them that the man in the photograph on the license was the robber.

The driver's license Manuel found in the wallet did indeed prove to have been Raymond Tucker's. The police arrested Tucker shortly after the robbery. "How did you catch me so fast," he said. At the time of the arrest he was with Ricky Truvia, who was released. Tucker, a black male, at the trial said that he went to the hotel with a female companion as a paid guest, while there he lost his wallet; he left before the robbery. He contended that Manuel, the only identifying witness, had a "paranoid schizophrenic disorder".

Tucker was tried on five counts of armed robbery. Tucker was found guilty and was sentenced as a multiple offender in January 1977 to five concurrent sentences of forty years. In January 1978, he was granted a new trial. In March 1978, he was again convicted on the same five armed robbery counts, and he was again sentenced as a multiple offender to five concurrent terms of forty years. In 1983 the Louisiana Supreme Court affirmed the convictions.[1]

Tucker then filed motions to correct his sentence, contending that sentencing him as a multiple offender was unconstitutional under *Burch v. Louisiana,* 441 U.S. 130, 99 S.Ct. 1623, 60 L.Ed.2d 96 (1979).[2] The trial court denied relief. In 1984, the Louisiana Supreme Court set aside the ruling of the trial court denying relief and remanded the case to that court.[3] On remand, the trial court again

---

[1]*State v. Tucker,* 427 So.2d 872 (La.1983) (per curiam).

[2]Mr. Tucker's previous simple robbery conviction was the result of a five to one jury verdict. In *Burch,* the Court held that a conviction by a non-unanimous six-person jury in a state criminal trial for a non-petty offense violated the Sixth and Fourteenth Amendments.

[3]*State v. Tucker,* 458 So.2d 912 (La.1984) (mem.).

denied relief.  In 1985, the Louisiana Supreme Court again set aside the ruling of the trial court denying relief and remanded the case for further consideration.[4]  On this remand, the trial court resentenced Tucker as a first offender to thirty-five years.

In 1990, Tucker filed his petition for a writ of habeas corpus in the United States District Court for the Eastern District of Louisiana.  In its response to the petition, the State of Louisiana alleged that Tucker had not exhausted the available state remedies with respect to some of his claims.[5] The State, however, chose to waive the exhaustion requirement and requested that the district court consider the merits of the petition.

Tucker raised several allegations in his petition.  They can be conveniently grouped as follows:

1. Error by the trial court, prosecutorial misconduct, and ineffective assistance of counsel with respect to a portion of the prosecution's cross-examination of Tucker;

2. Knowing use of perjured testimony by the prosecution, and a related ineffective assistance of counsel argument;  and

3. Ineffective assistance of counsel at his June 14, 1985 resentencing.

The district court denied the petition for habeas corpus relief and later entered a judgment dismissing the petition with prejudice.  Tucker appeals the judgment of the district court.

## II.

A. *The Cross-examination of Tucker.*

During the prosecution's cross-examination of Tucker the following colloquy took place between Tucker and the prosecutor, Mr. Lenfant:

---

[4]*State v. Tucker,* 464 So.2d 300 (La.1985) (per curiam).

[5]Mr. Tucker did pursue some of his claims through the state courts.  *See State v. Tucker,* 528 So.2d 218 (La.Ct.App.1988), *cert. denied,* 552 So.2d 391 (1989) (mem.).

Q. Where is Ricky Truvia? Is he here today?

A. I can't tell you where he is at, now.

Mr. O'Hara: I don't think that's relevant.

The Court: Overruled.

Mr. O'Hara: Note an objection for the record.

Examination by Mr. Lenfant:


Q. Where is Ricky?

A. I can't tell you where he is.

Q. You know where he is, don't you?

A. I can't tell you where Ricky Truvia is right now.

Q. Why don't you give us a general location?

A. The court is suppose to be based on facts. I could only conjecture as to his whereabouts.

Q. Do you know for a fact that Ricky Truvia was convicted of armed robbery and is in Angola right now?

A. No, I don't.

Q. You don't know that?

A. No.[6]

Tucker contends that he was prejudiced by this exchange. He argues that the trial court's decision to overrule the relevancy objection deprived him of his right to a fair and impartial trial. He also argues that the prosecutor's statement regarding the conviction and current incarceration of Ricky Truvia was an act of prosecutorial misconduct that rendered the entire trial unfair. Finally, he argues that he was denied effective assistance of counsel because his counsel failed to move for a mistrial when the prosecutor made this statement.

---

[6]Transcript of Proceedings, Criminal District Court, Orleans Parish, March 22, 1978, No. 257–140, pp. 153–54. [hereinafter, "Trial Transcript"]. All references are to Mr. Tucker's second trial.

In order to grant habeas relief for the petitioner, this Court must find that the prosecutor's questioning or the judge's decision to allow the questions "was a crucial, critical, highly significant factor in the jury's determination of guilt."[7] Although the prosecution's questions may have been unnecessary and even improper, we hold that these questions did not seriously prejudice the petitioner.

On direct examination Tucker testified, as part of his alibi, that he was driving Truvia's car on the night the robbery occurred. He also testified that Truvia was with him when the police arrested him. Truvia did not testify at trial, nor did Tucker provide any other corroboration for his alibi. The state contends that the questions regarding the present whereabouts of Truvia were intended to test the reliability of the alibi. This line of argument is less than convincing—there was no need to inquire into Truvia's criminal history in order to demonstrate that the alibi lacked corroboration.

Tucker argues that these questions by the prosecution implied that he was guilty by association. He also argues that the jury was misled into believing that Truvia had been convicted for the same robbery. We disagree with Tucker's contentions; we agree with the district court's conclusion that "[p]etitioner was convicted because of the overwhelming evidence and not because of the prosecutor's limited reference to Truvia's armed robbery conviction."

First, the prosecution made no insinuations implying that Truvia was an accomplice to this robbery. There was no reason for the jury to infer that Truvia had been convicted for participating in this robbery. Second, there was ample evidence—including eyewitness testimony—linking Tucker to the robbery. As the district court noted: "The prosecutor's questions were isolated, limited, and insignificant in the overall case ... [s]uch questioning did not constitute a critical or crucial error in

---

[7]*Whittington v. Estelle,* 704 F.2d 1418, 1422 (5th Cir.), *cert. denied sub nom., Whittington v. McKaskle,* 464 U.S. 983, 104 S.Ct. 428, 78 L.Ed.2d 361 (1983).

the context of the entire trial." Thus, these comments did not result in a fundamentally unfair trial or a denial of due process.

The petitioner also alleges that he received ineffective assistance of counsel in that his attorney failed to move for a mistrial after these questions occurred. To succeed on this argument, petitioner must show that "counsel's performance was deficient" and that "the deficient performance prejudiced the defense".[8] Failure to prove either of these elements is fatal to the entire claim. The ineffective assistance contention fails because the prosecutor's questions did not prejudice his trial.

B. *Knowing use of perjured testimony.*

The petitioner contends that the prosecution obtained the conviction by the knowing use of the perjured testimony of Vernon Manuel. He argues that Manuel committed perjury when he testified that he witnessed the robber placing a wallet in Manuel's coat pocket.

On direct examination, Manuel testified that the robber "went to my clothes and took my wallet out of my clothes and put his wallet in my clothes".[9] Tucker alleges that by this statement, Manuel committed perjury.[10] The district court found that Manuel's testimony was not perjury but was rather "a reasonable inference and conclusion from the facts preceding the wallet's discovery". We agree.

---

[8] *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

[9] Trial Transcript, at 46.

[10] Mr. Tucker also points to one question and answer that occurred during the cross-examination of Mr. Manuel:

Q. You said the man put his wallet in your coat?

A. That's right.

Trial transcript, at 54–55.

After reading the entire testimony, it is clear that Manuel did not intend to imply that he had actually witnessed the robber placing a wallet in the coat pocket. Indeed, the prosecutor asked: "Did you see anybody put that [the wallet] in your clothes?" Manuel responded: "No."[11]

Furthermore, even if we were to consider Manuel's testimony inconsistent, such inconsistency is a matter for the jury to resolve.[12] Because the petitioner cannot show that Manuel's testimony was materially false, he cannot show that the prosecution knowingly used perjured testimony.

In a related argument, the petitioner contends that he was denied effective assistance of counsel because his attorney failed to impeach Manuel. To the extent that any impeachment was attempted, the prosecution rebutted it through clarification on direct. Finally, as with the ineffective assistance claim discussed earlier, because Tucker cannot show any prejudice from this alleged error his ineffective assistance claim must fail.

C. *Ineffective assistance at resentencing.*

The petitioner alleges that he received ineffective assistance of counsel at his resentencing hearing. He does not, however, allege that he was resentenced illegally, and he admits that he cannot show prejudice. The district court therefore held that under *Strickland,* Tucker's claim must fail.

We disagree. Tucker alleges that the counsel appointed to represent him at the resentencing did not consult with him, had no knowledge of the facts, and acted as a mere spectator. If the transcript of the resentencing is accurate, appointed counsel failed to make any comment. Tucker alleges that the transcript is incomplete. He states that at one point he asked, out loud, "Do I have counsel here?" According to Tucker, his appointed counsel answered "Oh, I am just standing in for this one".

---

[11]Trial transcript, at 48.

[12]*See Little v. Butler,* 848 F.2d 73, 76 (5th Cir.1988).

The district court found that Tucker was not prejudiced by the failure of his appointed counsel "to allocute at sentencing" because the sentencing judge was familiar with the case and based his resentencing entirely upon the first sentencing hearing at which Tucker's counsel performed effectively. The effectiveness of representation at the first sentencing hearing, however, does not fulfill the Constitutional requirement that Tucker be assisted by counsel at his resentencing hearing. Taken to its logical conclusion, this argument would permit the state to deny counsel to Tucker at the resentencing hearing.

The Sixth Amendment entitles a defendant to the assistance of counsel at all critical stages of a criminal proceeding, and sentencing is a critical stage of a criminal proceeding.[13] The Supreme Court has written that "[t]he Constitution's guarantee of assistance of counsel cannot be satisfied by mere formal appointment".[14] The Supreme Court has recognized that there are some circumstances in which, although counsel is present, " "the performance of counsel may be so inadequate that, in effect, no assistance of counsel is provided.' "[15] In this case, Tucker was unaware of the presence of counsel, counsel did not confer with Tucker whatsoever, and as far as the transcript is concerned, counsel made no attempt to represent his client's interests. We hold that the failure of Tucker's counsel to provide any assistance was a constructive denial of his right to counsel. Because "[a]ctual or constructive denial of the assistance of counsel is legally presumed to result in prejudice"[16] the district court erred in dismissing this aspect of Tucker's petition.

III.

---

[13]*See, e.g., United States v. Taylor,* 933 F.2d 307 (5th Cir.), *cert. denied,* ⸺ U.S. ⸺, 112 S.Ct. 235, 116 L.Ed.2d 191 (1991).

[14]*Avery v. Alabama,* 308 U.S. 444, 446, 60 S.Ct. 321, 322, 84 L.Ed. 377 (1940).

[15]*United States v. Cronic,* 466 U.S. 648, 654 n. 11, 104 S.Ct. 2039, 2044 n.11, 80 L.Ed.2d 657 (1984) (*quoting United States v. Decoster,* 624 F.2d 196, 219 (D.C.Cir.) (MacKinnon, J., concurring), *cert. denied,* 444 U.S. 944, 100 S.Ct. 302, 62 L.Ed.2d 311 (1979)). *See also Strickland,* 466 U.S. at 686, 104 S.Ct. at 2063; and *United States v. Taylor,* 933 F.2d at 313.

[16]*Strickland,* 466 U.S. at 692, 104 S.Ct. at 2067.

For the reasons stated above, we AFFIRM IN PART, REVERSE IN PART, and REMAND to the district court with instructions to issue the writ of habeas corpus unless, within a reasonable time to be designated by the district court, the state resentences the petitioner.