Brian FLETCHER, Petitioner—
Appellant,

v.

Bill LOCKYER, Attorney General,
Respondent—Appellee.

No. 03–57082.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 11, 2005.

Decided April 29, 2005.

Rebecca P. Jones, San Diego, CA, for Petitioner–Appellant.

Attorney General, Warren P. Robinson, Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: BROWNING, MAGILL,* and RYMER, Circuit Judges.

### MEMORANDUM **

Petitioner–Appellant Brian Fletcher appeals the district court's order denying his petition for writ of habeas corpus on the grounds that his court-appointed attorney, Gary Edwards, provided *per se* ineffective assistance of counsel by making derogatory remarks about Fletcher during pre-trial proceedings. We review the district court's denial of Fletcher's petition *de novo, Eslaminia v. White,* 136 F.3d 1234, 1236 (9th Cir.1998), and we affirm.

Fletcher argues that prejudice should be presumed under *United States v. Cronic,* 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984), because he and Edwards experienced a complete breakdown of communication such that counsel was constructively denied. Fletcher's relationship with

---

* The Honorable Frank J. Magill, Senior U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Edwards, however, never reached a point of complete breakdown. *Id.; see also Frazer v. United States,* 18 F.3d 778, 783–84 (9th Cir.1994); *United States v. Mullen,* 32 F.3d 891, 896–97 (4th Cir.1994); *Tucker v. Day,* 969 F.2d 155, 159 (5th Cir.1992). Even after Edwards's derogatory comments, the California Court of Appeal noted that Edwards interviewed and called the witnesses that Fletcher suggested, and "[t]here is nothing either in [Edwards's] actions or comments during trial suggesting that his actual conduct of the case was less than competent and vigorous." Fletcher has not shown that he and Edwards stopped communicating, and communication seems evident based on Edwards's competent and vigorous performance at trial.

Fletcher also argues that prejudice should be presumed under *Cuyler v. Sullivan,* 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980), because Edwards's comments demonstrate a breach of the duty of loyalty amounting to a conflict of interest. A breach of the duty of loyalty, however, only gives rise to a presumption of prejudice if (1) the attorney "actively represented conflicting interests" and (2) the "actual conflict of interest affected [the] lawyer's performance." *Id.* at 348, 100 S.Ct. 1708. Edwards's comments do not show that he had an actual conflict of interest with Fletcher. *See, e.g., Frazer,* 18 F.3d at 782; *United States v. Swanson,* 943 F.2d 1070, 1074 (9th Cir.1991); *Osborn v. Shillinger,* 861 F.2d 612, 628 (10th Cir. 1988). The comments made by Edwards do not, as Fletcher suggests, imply Fletcher's guilt of the underlying charges. They refer to Fletcher's false accusations, moments before, that Edwards was unprepared for trial. As the Court of Appeal noted, the "isolated comments, clearly made in a moment of frustration, [did not] amount to anything approaching a breach of loyalty that can fairly be characterized as a conflict of interest."

Even if Fletcher could show that Edwards believed he was guilty and favored the prosecution, Fletcher must still show that such a conflict of interest "affected his lawyer's performance" before prejudice can be presumed. *Cuyler,* 446 U.S. at 348, 100 S.Ct. 1708. Although Edwards did question whether he could "be a vigorous advocate [on Fletcher's] behalf," he proved to be a vigorous advocate unaffected by conflict at trial. The district court noted that "a review of the entire trial transcript reveals that Mr. Edwards never made another comment about Fletcher to the court or jury," and "[a] member of the jury would have no reason to believe there was any difficulty in the relationship between" Edwards and Fletcher. As the Court of Appeal noted, "[t]here is nothing either in [Edwards's] actions or comments during trial suggesting that his actual conduct of the case was less than competent and vigorous."

Because prejudice cannot be presumed based on either a complete breakdown of communication or a breach of the duty of loyalty, we conclude that the California Court of Appeal's decision that Fletcher did not receive ineffective assistance of counsel is neither contrary to nor an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d); *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (requiring a showing of prejudice to succeed on an ineffective assistance of counsel claim). As such, we conclude that the district court properly denied Fletcher's petition for habeas relief.

We also conclude that Fletcher has failed to make a substantial showing that the other alleged violations (right to self-representation, right to counsel of choice,

right to a speedy trial) resulted in a denial of his constitutional rights. 28 U.S.C. § 2253(c)(2). We therefore deny the motion to expand the Certificate of Appealability.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.