# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30195

United States Court of Appeals
Fifth Circuit

**FILED**

June 12, 2019

Lyle W. Cayce
Clerk

ERIC MASSEY,

Petitioner-Appellant

v.

DARREL VANNOY, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:15-CV-3701

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Both Eric B. Massey ("Eric"), Louisiana state prisoner # 559593, and his codefendant and brother, Brian Massey ("Brian"), were convicted of second-degree murder in a joint state court jury trial. The trial court judge sentenced Eric to life imprisonment without the benefit of parole, probation, or suspension of sentence.

The federal district court denied all of the claims raised in Eric's *pro se* 28 U.S.C. § 2254 application and dismissed it with prejudice. We granted Eric

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a certificate of appealability as to whether his trial counsel provided ineffective assistance under *Strickland v. Washington*, 466 U.S. 668 (1984), and *United States v. Cronic*, 466 U.S. 648 (1984), by failing to attend Eric's state court sentencing hearing.

Under AEDPA, we review issues of law *de novo* and findings of fact for clear error, applying the same deference to the state court's decision as does the federal district court.[1] The district court was required to defer to the state court's decision on questions of law and mixed questions of law and fact unless they were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court."[2] "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."[3]

To prevail on a claim of ineffective assistance of trial counsel, an applicant is generally required to satisfy *Strickland*'s two-prong test. Under the first prong, the applicant must show that counsel's performance was deficient and "fell below an objective standard of reasonableness."[4] "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[5] Under the second prong, the applicant must establish that the deficient performance was prejudicial to the defense by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[6]

---

[1] *Ortiz v. Quarterman*, 504 F.3d 492, 496 (5th Cir. 2007).

[2] § 2254(d)(1).

[3] *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

[4] *Strickland*, 466 U.S. at 687–88.

[5] *Id.* at 689.

[6] *Id.* at 691–92, 694.

The failure to establish either prong defeats the claim.[7] The combined standards of review of *Strickland* and § 2254(d) are "doubly deferential."[8] Thus, the question before a district court is "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard."[9]

There is, however, a limited exception to the normal deficient performance and prejudice analysis for a situation in which the applicant was actually or constructively denied counsel at a critical stage of his criminal proceedings.[10] In such a case, prejudice will be presumed.[11] Such "[a] constructive denial of counsel occurs . . . in only a very narrow spectrum of cases."[12]

For reasons that are unclear from the record, Eric's trial counsel failed to attend his client's sentencing hearing. Consequently, Brian's trial counsel agreed to stand in for Eric's trial counsel, who had already informed the prosecutor that he would not be filing any post-verdict motions. After the state court sentenced Eric to the statutorily mandated sentence of life imprisonment, his substitute counsel objected to the jury's findings and the sentence imposed.

We agree with the district court that Eric's claim of ineffective assistance of counsel fails under *Strickland* because he cannot show a reasonable probability that his sentence was affected by either his trial counsel's absence from sentencing or his substitute counsel's representation at the sentencing hearing.[13]

---

[7] *Id.* at 697.

[8] *Cullen v. Pinholster*, 563 U.S. 170, 202 (2011) (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)).

[9] *Richter*, 562 U.S. at 105.

[10] *Cronic*, 466 U.S. at 658–61.

[11] *Id.* at 658.

[12] *Childress v. Johnson*, 103 F.3d 1221, 1228–29 (5th Cir. 1997).

[13] *See Strickland*, 466 U.S. at 694, 697.

The *Cronic* presumption applies when a defendant has only standby counsel at sentencing because standby counsel has a "limited role" and "does not speak for the defendant or bear responsibility for his defense."[14] Here, Brian's lawyer was not designated as standby counsel for Eric, and his role at the sentencing hearing was not limited in a way that would make him the functional equivalent of standby counsel. Rather, although his role on Eric's behalf at the sentencing hearing was unplanned, he (1) was familiar with the case, (2) had worked with Eric's trial counsel, and (3) understood that he was acting on Eric's behalf as evidenced by his objections.[15] Brian's counsel's role on Eric's behalf at the sentencing hearing, coupled with Eric's counsel's presentencing contributions, eschew a claim of constructive denial of counsel. Moreover, considering the unusual circumstances involved in this case and the deference that federal courts owe to the state trial courts, Eric cannot show that the state court's conduct was an unreasonable application of *Strickland* or *Cronic* under § 2254(d).[16]

AFFIRMED.

---

[14] *United States v. Taylor*, 933 F.2d 307, 312–13 (5th Cir. 1991).

[15] *Cf. United States v. Russell*, 205 F.3d 768 (5th Cir. 2000) (holding that counsel's absence during trial required presumption of prejudice under *Cronic* because "the probability of [the defendant's] guilt increased during the government's presentation of evidence against his co-conspirators"); *Childress v. Johnson*, 103 F.3d 1221 (5th Cir. 1997) (holding that defense attorney was "the equivalent of standby counsel" because "[h]e took no responsibility for advocating the defendant's interests"); *Tucker v. Day*, 969 F.2d 155 (5th Cir. 1992) (holding failure of counsel to assist defendant at resentencing hearing was a constructive denial of counsel because counsel (1) stated that he was "just standing in," (2) did not know the facts of the case, and (3) made no attempt to represent the defendant's interests).

[16] *See Wright v. Van Patten*, 552 U.S. 120, 124–26 (2008); *Richter*, 562 U.S. at 103. The state post-conviction court did not expressly rule that *Cronic* did not apply. However, the state post-conviction court's application of, and determination that Eric could not prevail under, *Strickland* necessarily implies a conclusion that *Cronic* did not apply. This is consistent with the Supreme Court's observation in *Wright v. Van Patten*, that *Strickland* ordinarily applies and that *Cronic* is simply a narrow exception.