LOLLEY, J.
| iThis criminal appeal arises from the Twenty-Sixth Judicial District Court, Parish of Bossier, State of Louisiana. Defendant, Percy Smith, pled guilty to felony theft, a violation of La. R.S. 14:67, and was sentenced to 10 years at hard labor. Smith appeals his sentence, which, for the following reasons, we affirm.
FACTS
The defendant, Percy Smith, originally was charged by bill of information with access device fraud, a violation of La. R.S. 14:70.4, for passing a stolen cheek belonging to Joe Duhon in the amount of $500.00 in Bossier Parish, Louisiana, without authorization and with intent to defraud. Pursuant to a plea bargain agreement, Smith entered a plea of guilty to an amended charge of felony theft, a violation of La. R.S. 14:67, and the state agreed not to charge Smith as a multiple offender.
The trial court subsequently sentenced Smith to 10 years’ imprisonment at hard labor, the sentence to run consecutively to any other sentence Smith may be serving. Smith’s motion to reconsider sentence was denied and this appeal followed.
LAW AND DISCUSSION
The sole issue on appeal is whether the 10-year maximum sentence was excessive for this offender and offense. The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long |2as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Lathan, 41,855 (La.App.2d Cir.02/28/07), 953 So.2d 890, writ denied, 2007-0805 (La.03/28/08), 978 So.2d 297. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Hampton, 38,017 (La.App.2d Cir.01/28/04), 865 So.2d 284, writs denied, 2004-0834 (La.03/11/05), 896 So.2d 57 and 2004-2380 (La.06/03/05), 903 So.2d 452. The important elements which should be considered are the defendant’s personal history (age, family ties, *174 marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Haley, 38,258 (La.App.2d Cir.04/22/04), 873 So.2d 747, writ denied, 2004-2606 (La.06/24/05), 904 So.2d 728. There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La.App.2d Cir.12/13/06), 945 So.2d 277, writ denied, 2007-0144 (La.09/28/07), 964 So.2d 351.
 Second, a sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 2001-2574 (La.01/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 |n(La.1993). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 2001-0467 (La.01/15/02), 805 So.2d 166; State v. Robinson, 40,983 (La.App.2d Cir.01/24/07), 948 So.2d 379.
A trial court has broad discretion to sentence within the statutory limits. Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Shirley, 41,608 (La.App.2d Cir.12/13/06), 945 So.2d 267, writ denied, 2007-1394 (La.04/04/08), 978 So.2d 321. Absent a showing of manifest abuse of that discretion we may not set aside a sentence as excessive. State v. Guzman, 1999-1528, 1999-1753 (La.05/16/00), 769 So.2d 1158; State v. Lingefelt, 38,038 (La.App.2d Cir.01/28/04), 865 So.2d 280, writ denied, 2004-057 (La.09/24/04), 882 So.2d 1165.
At the sentencing hearing, the trial court reviewed a presentence investigation report. The trial court noted Smith’s age, education, family history, and employment history. The trial court also noted that Smith had seven felony convictions with “almost identical type of criminal activity” as the instant offense. The trial court also stated that there were no grounds to excuse Smith’s conduct and that Smith had not compensated the victim who suffered a loss of $2,450.00.
|4Felony theft in the amount of $500.00 is punishable by imprisonment, with or without hard labor, for not more than 10 years, or by fine of not more than three thousand dollars, or both. La. R.S. 14:67(B)(1). Considering the trial court’s great discretion in imposing even the maximum sentence possible in such circumstances, we do not find a manifest abuse of that discretion. State v. Shirley, supra. Given his history with similar criminal activity, Smith received a substantial benefit as a result of his plea bargain. The sentence imposed is neither grossly disproportionate to the severity of the offense, or shocking to the sense of justice.
CONCLUSION
For the foregoing reasons, Percy Smith’s conviction and sentence are affirmed.
AFFIRMED.