GASKINS, J.
 

 _JjThe defendant, Laterrance T. Hill, was indicted for aggravated rape but was allowed to plead guilty to attempted aggravated rape. The trial court sentenced him
 
 *475
 
 to 50 years at hard labor without benefit of parole, probation or suspension of sentence. We affirm the defendant’s conviction and sentence.
 

 FACTS
 

 On April 20, 2006, the defendant entered a residence in Monroe, Louisiana, through the window of the bedroom where the 12-year-old victim was sleeping with her sister and brothers. The defendant removed the clothing of the victim, who was his cousin, and forcibly engaged in sexual intercourse with her. When the victim tried to resist the defendant, he choked her. The victim’s 10-year-old sister was awakened and saw the defendant on top of the victim. Upon seeing the victim trying to resist the defendant and then being choked, the sister attempted to help her but was pushed away by the defendant. The victim’s sister then left the bedroom to summon their mother. The victim’s mother confronted the defendant and told him she was going to call the police; the defendant unsuccessfully tried to dissuade her from doing so. He then fled the home.
 

 Once police arrived, the victim was questioned and then transported to a local hospital where a rape kit was completed; bruising and abrasions were observed on the victim’s vaginal area. Sperm consistent with the defendant’s DNA profile was found on the victim’s vaginal swab. The probability of finding the same DNA profile, if the DNA had come from a randomly selected individual other than the defendant, was approximately 12one in 10.1 quadrillion. The victim told the police that this incident was not the first time the defendant had sexually assaulted her.
 

 The defendant was indicted for aggravated rape. Pursuant to a plea agreement, he pled guilty to attempted aggravated rape without an agreement as to his sentence. The trial court ordered a pre-sentence investigation (PSI) report. The defendant was subsequently sentenced to 50 years at hard labor without benefit of parole, probation or suspension of sentence, the maximum sentence for the offense to which he pled guilty. A timely motion to reconsider sentence was denied, and this appeal ensued.
 

 LAW
 

 The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article.
 
 State v. Smith,
 
 433 So.2d 688 (La.1983);
 
 State v. Lathan,
 
 41,855 (La.App.2d Cir.2/28/07), 953 So.2d 890,
 
 writ denied,
 
 2007-0805 (La.3/28/08), 978 So.2d 297. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions.
 
 State v. Lanclos,
 
 419 So.2d 475 (La.1982);
 
 State v. Hampton,
 
 38,017 (La.App.2d Cir.1/28/04), 865 So.2d 284,
 
 units denied,
 
 2004-0834 (La.3/11/05), 896 So.2d 57
 
 and
 
 2004-2380 (La.6/3/05), 903 So.2d 452. The important elements which should be considered are the defendant’s personal history (age, family ties, |8marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation.
 
 State v. Jones,
 
 398 So.2d 1049 (La.1981);
 
 State v. Haley,
 
 38,258 (La.App.2d Cir.4/22/04), 873 So.2d 747,
 
 writ denied,
 
 2004-2606 (La.6/24/05), 904 So.2d 728. There is no requirement that specific matters be given any particular weight at sentencing.
 
 State v. Shumaker,
 
 41,547 (La.App.2d Cir.12/13/06), 945 So.2d 277,
 
 writ denied,
 
 2007-0144 (La.9/28/07), 964
 
 *476
 
 So.2d 351;
 
 State v. Jones,
 
 33,111 (La.App.2d Cir.3/1/00), 754 So.2d 392,
 
 writ denied,
 
 2000-1467 (La.2/2/01), 783 So.2d 385.
 

 On the second prong of the ex-cessiveness test, the court must determine whether a sentence violates La. Const. art. 1, § 20. A sentence will violate La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering.
 
 State v. Smith,
 
 2001-2574 (La.1/14/03), 839 So.2d 1;
 
 State v. Dorthey,
 
 623 So.2d 1276 (La.1993);
 
 State v. Bonanno,
 
 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice.
 
 State v. Weaver,
 
 2001-0467 (La.1/15/02), 805 So.2d 166;
 
 State v. Lobato,
 
 603 So.2d 739 (La.1992);
 
 State v. Robinson,
 
 40,983 (La.App.2d Cir.1/24/07), 948 So.2d 379.
 

 A trial court has broad discretion to sentence within the statutory limits. Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in |4potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense.
 
 State v. Shirley,
 
 41,608 (La.App.2d Cir.12/13/06), 945 So.2d 267,
 
 unit denied,
 
 2007-1394 (La.4/4/08), 978 So.2d 321. Absent a showing of manifest abuse of that discretion, we may not set aside a sentence as excessive.
 
 State v. Guzman,
 
 1999-1528, 1999-1753 (La.5/16/00), 769 So.2d 1158;
 
 State v. Smith,
 
 43,757 (La.App.2d Cir.12/3/08), 999 So.2d 171.
 

 DISCUSSION
 

 The defendant contends that his sentence is excessive in that the trial court refused to consider his youth as a mitigating factor because of his drug history as a teenager. Additionally, the defendant argues that the trial court erred in considering the age of the victim in determining his sentence as the legislature had already taken cognizance of her age in fashioning a harsher sentence when the victim is under the age of 13. Thus, according to the defendant, the victim’s age should not have been an aggravating factor in determining the sentence.
 

 The state argues that the trial court considered the appropriate factors in determining the defendant’s sentence. The state notes that the defendant has shown no remorse for his actions which were committed while he was on parole for a prior drug conviction. The state reasons that the sentence was appropriately tailored for this particular defendant. Based upon the record before us, we agree.
 

 |5The record reveals that the trial judge was cognizant of and considered the appropriate factors in determining the defendant’s sentence. The trial judge issued a sentencing memorandum that throughly chronicled the defendant’s family, work, and criminal histories. The trial judge found that the defendant, a high school dropout and father of one, had a sporadic work history and the defendant admitted to selling drugs on occasion, since his teen years, to provide a source of income.
 

 In a statement to the probation and parole officer who compiled the PSI report, the victim’s mother reported that her family had to move and leave friends due to harassment by the defendant’s family and friends. During a sentencing hearing, the victim and her sister testified that they had to move away from many friends as a result of the incident. Each testified about having trouble sleeping at times and being fearful as a result of the defendant’s actions.
 

 
 *477
 
 The trial court found five significant aggravating factors present in this case. First, the offense resulted in significant permanent injury to the victim and her family. Second, the defendant has shown no remorse for the offense. Third, the defendant substantially benefitted from a plea bargain that limited his maximum sentencing exposure. Fourth, the defendant resorted to violence in order to facilitate the commission of the crime, by choking the victim to overcome her attempts to resist the attack. Finally, the defendant’s prior criminal history was considered as an aggravating factor.
 

 The trial court noted that it did not find any mitigating factors. Despite the fact that the defendant was a relatively youthful offender, he had |fibeen involved in criminal activities for some time. The defendant was found to be a third felony offender, with prior felony convictions for possession of cocaine and attempted possession of phencyclidine. The defendant had previously received opportunities to rehabilitate himself while on probation or parole, but he had performed poorly while under supervised release. In fact, the defendant was on parole at the time of his arrest for the instant offense.
 

 We find that the trial court considered the appropriate factors in determining the defendant’s sentence. The trial court was not required to give any particular weight to any factors considered while fashioning this sentence.
 

 Additionally, we find no error in the sentence imposed upon this third felony offender. The defendant has previously failed to perform well while on supervised release. The defendant has generally not been able to conform or adhere to the rules and regulations imposed by his release on probation and/or parole which led to his supervised release being revoked. It is apparent that the defendant is greatly in need of correctional treatment in a custodial environment. Further, we find that the defendant failed to accept responsibility for his activities and instead chose to blame the victim and her family for his arrest. His various explanations included the victim consenting to intercourse and lying to him about her age (despite the fact that she was a younger relative whom he had presumably known her entire life) and the victim’s mother falsely accusing him of rape due to a family dispute.
 

 |7The defendant committed an aggravated rape, an offense which carries a mandatory penalty of life imprisonment. He greatly benefitted from the plea agreement which allowed him to plead guilty to attempted aggravated rape, an offense that did not adequately describe his conduct, and thereby significantly reduced his sentencing exposure to a maximum of 50 years. The sentence imposed by the trial court is neither grossly out of proportion to the seriousness of the offense nor is it nothing more than a purposeless and needless infliction of pain and suffering. The sense of justice is not shocked by the imposition of this 50-year sentence upon this defendant.
 

 CONCLUSION
 

 The defendant’s conviction and sentence are affirmed.
 

 AFFIRMED.