ROLAND L. BELSOME, Judge.
| Michael Wilson appeals his ten year sentences for theft of cash in excess of $500.

STATEMENT OF CASE

On July 23, 2007, Michael Wilson was charged by bill of information with two counts of theft by fraud over $1,000[1] in violation of La. R.S. 14:67.[2] Wilson pled not guilty at his arraignment and moved to quash the bill of information. On November 16, 2007, the trial court found probable cause to substantiate the State’s charges and denied Wilson’s motion to quash.
On May 19, 2008, Wilson withdrew his not guilty plea and entered a plea of nolo contendere as to two counts of theft over $500.00[3] under N. Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). As part of this plea, Wilson agreed to make restitution to the 'victims in the amount of $280,000, in exchange for which, he would be allowed to withdraw his plea of nolo contendere for the felony-thefts Land enter a nolo contendere plea on two misdemeanor counts. Sentencing was deferred pending the restitution.
The plea agreement does not provide the date for which Wilson was to repay the $280,000. The transcript of the May 19, 2008 proceedings, however, provides that the money was due the first week of December, and the court set the sentencing hearing for December 5, 2008.
Wilson did not appear for sentencing on December 5, 2008. The court issued an alias capias and continued the sentencing hearing to December 12, 2008. Once again, Wilson failed to appear. On November 5, 2009, after being extradited from Texas, Wilson was remanded into police custody.
On January 7, 2010, Wilson appeared before the court for sentencing. At the sentencing hearing, the trial court was informed that Wilson did not make restitution to his victims as required under the plea agreement. The State requested that the trial court impose twenty years for the two counts of theft as a result of Wilson’s failure to comply with the conditions of his plea and for evading the court’s jurisdiction. Wilson moved to withdraw his plea of nolo contendere because the plea agreement did not identify the date for which Wilson was to repay the $280,000.[4] The *1070 trial court denied this motion. The trial court then heard testimony from Wilson and victim impact testimony from two witnesses. After argument by counsel, the trial court sentenced Wilson to ten years at hard labor on each count to run concurrently.[5]
^Subsequently, Wilson filed a motion to reconsider sentencing.[6] The trial court, relying on her original grounds for sentencing, denied the motion to reconsider. Wilson filed a motion for appeal and another motion to reconsider sentencing. The trial court again denied the motion to reconsider and granted the motion for appeal.

STATEMENT OF FACT

Because Wilson pled nolo contendere to each count in lieu of going to trial, the facts are limited. According to the preliminary hearing transcript and the victim impact testimony at sentencing, the theft charges arise from contracts Wilson entered into in June and November of 2006 on behalf of his business to design and install custom audio and video systems.
The first count concerns the June 2006 contract. On June 29, 2006 Stuart Smith, Smith Stag LLC, and Smith Cooper Holdings II, LLC retained Wilson to install a video conferencing system at their New Orleans law office and to install custom theater stereo system at their Miami, Florida condominium. At the sentencing hearing, Stuart Smith testified that he paid Wilson approximately $300,000 to purchase equipment for the installation projects, but that Wilson never purchased equipment and performed very little work.[7] Clyde McCoy, an investigator for the Orleans Parish District Attorney’s Office, testified at the preliminary hearing that numerous emails were produced regarding the work that was to be performed in the office space and the out of state property. Mr. McCoy Instated that these communications demonstrated that Smith Stag, LLC attempted to rectify the matter but that Wilson constantly made excuses.
The second count concerns the verbal contract entered into on November 28, 2006, wherein Wilson agreed to install telephone and audio-visual equipment at the law offices of Jones, Yerras & Frieberg, LLC. Mary Kay Gogreve, the office manager at Jones, Swanson, Huddel and Garrison, LLC f/k/a Jones, Verras & Frieberg, LLC, testified at the sentencing hearing that Wilson was paid over $50,000 for services that were never rendered. Ms. Go-greve further stated that while Wilson and one his employees did come to their office, they just made excuses as to why the work was not able to be accomplished.
*1071 Wilson testified at the hearing on motion for reconsideration of sentencing that the reason for not being able to complete the projects was because of the problems his business was facing in 2006. Wilson stated that his business became national and had grown from two partners to thirty people in less than a year. He also testified that he lost numerous employees that year. Wilson stated that his business partner was arrested for possession of methamphetamines and sentenced to five years prison and that he had to fire seventeen employees as a result of their testing positive for drugs.
Wilson’s sole assignment of error is that the ten year sentences for the theft counts are excessive under the circumstances because the trial court relied on factors unrelated to the offense and failed to consider mitigating factors.
The Louisiana Supreme Court, in State v. Smith, 2001-2574, pp. 6-7 | B(La.1/14/03), 839 So.2d 1, 4, set forth the standard for evaluating a claim of excessive sentence:
Louisiana Constitution of 1974, art. I, § 20 provides, in pertinent part, that “[n]o law shall subject any person to ... excessive .,. punishment.” (Emphasis added.) Although a sentence is within statutory limits, it can be reviewed for constitutional excessiveness. A sentence is unconstitutionally excessive when it imposes punishment grossly disproportionate to the severity of the offense or constitutes nothing more than needless infliction of pain and suffering. A trial judge has broad discretion when imposing a sentence and a reviewing court may not set a sentence aside absent a manifest abuse of discretion. On appellate review of a sentence, the relevant question is not whether another sentence might have been more appropriate but whether
the trial court abused its broad sentencing discretion. [Emphasis added] [Citations omitted].
For legal sentences imposed within the range provided by the legislature, a trial court abuses its discretion only when it contravenes the prohibition of excessive punishment in La. Const, art. I, § 20, i.e., when it imposes “punishment disproportionate to the offense.” State v. Soraparu, 97-1027 (La.10/13/97), 703 So.2d 608 (quoting State v. Sepulvado, 367 So.2d 762, 767 (La.1979)). This Court, in State v. Robinson, 2008-0287, p. 12-13 (La.App. 4 Cir. 9/24/08), 996 So.2d 56, 62-63, further explained:
An appellate court reviewing a claim of excessive sentence must determine whether the trial court adequately complied with the statutory guidelines in La.C.Cr.P. art. 894.1, as well as whether the facts of the case warrant the sentence imposed. State v. Landry, supra; State v. Trepagnier, 97-2427 (La.App. 4 Cir. 9/15/99), 744 So.2d 181. However ... [t]he articulation of the factual basis for a sentence is the goal of Art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, resentencing is unnecessary even when there has not been full compliance with Art. 894.1. State v. Landos, 419 So.2d 475 (La.1982). The reviewing court shall not | fiset aside a sentence for excessiveness if the record supports the sentence imposed. La. C.Cr.P. art. 881.4(D).
If the reviewing court finds adequate compliance with art. 894.1, it must then determine whether the sentence the trial court imposed is too severe in light of the particular defendant as well as the circumstances of the case, “keeping in mind that maximum sentences should be *1072 reserved for the most egregious violators of the offense so charged.” State v. Landry, 2003-1671 at p. 8, 871 So.2d [1235] at 1239. See also State v. Born-eará, 98-0665 (La.App. 4 Cir. 8/4/99), 752 So.2d 184. [Emphasis added].
Id., citing State v. Batiste, 2006-0875, p. 18 (La.App. 4 Cir. 12/20/06), 947 So.2d 810, 820.
In the present case, Wilson received ten year sentences, the maximum provided under La. R.S. 14:67(B)(1).[8] Prior to imposing the sentence the trial court heard testimony from Wilson and two of his victims, Stuart Smith and Mary Kay Gogreve. Both victims testified about the amount of money paid to Wilson for his service, the lack of work performed in connection with the installation contracts, and the problems that resulted from Wilson’s actions. Wilson testified that other than a public intoxication in 1990, he had no prior criminal record; he is married with five children and is financially responsible for his family; he served in the military for four years. Wilson also indicated on the stand that he had no intention to defraud either party of their money, claiming that the failure to complete the projects was result of his business unraveling.
There was also testimony regarding Wilson’s failure to make restitution and his extradition from Texas. Wilson admitted that he made no payments of restitution between the date of signing the plea agreement (May 19, 2008) and date |7for which he was supposed to appear for sentencing (December 5, 2008). As to the extradition, Wilson stated that when he was arrested in Texas, he misunderstood the Texas judge and had no intention of refusing to waive the extradition proceedings.
Before sentencing Wilson, the trial court noted that Wilson was properly Boykinized and knew exactly what he was pleading to when he entered into the plea agreement. The trial court stated that in negotiating the plea bargain, the bill of information was amended to charge just two counts, although the victims were technically four separate entities. The trial court noted Wilson’s failure to abide by the plea agreement to make restitution in the amount of $280,000 to the victims. The trial court also found that Wilson’s misunderstanding concerning the extradition “questionable” and not “very credible,” believing that he did in fact fight extradition. The trial court further stated:
He never made any effort from the date of going at large in December ?08 to contact this Court. And it was purely through the actions of the State of Louisiana and ... Texas that we actually have Mr. Wilson before us.
Mr. Wilson’s total disregard and contempt for the judicial system, in my opinion warrants the maximum sentence in this case.
The State has requested that I sentence you to consecutive time on these two counts. I am not going to do that. I’m going to sentence you to ten [ ] years in custody of the Department of Corrections to run concurrently as to both counts.
On appeal, Wilson contends that the trial court erred in imposing the maximum sentence under the circumstances of this case. Wilson claims that the trial court improperly and exclusively relied on the Wilson’s broken plea | sagreement, his failure to pay restitution, and extradition in imposing Wilson’s prison sentence. Addi *1073 tionally, Wilson argues that the trial court erroneously failed to consider mitigating factors, such as Wilson’s age (forty-five), family responsibilities, military service, and the fact that he was a first offender.
In support of these arguments, Wilson relies on this Court’s decision in State v. Colvin, 2010-1092 (La.App. 4 Cir. 4/20/11), 65 So.3d 669, writ granted, 2011-1040 (La.l 1/14/11), 75 So.3d 439 and rev’d, 2011-1040 (La.3/13/12), 85 So.3d 663. In Colvin, the defendant pled guilty to six counts of felony theft over $500 for taking a total of $270,000 from six victims whose homes had been destroyed by Hurricane Katrina, and then failing to build the modular homes he had promised. Id. at p. 2, 65 So.3d at 670. The trial court ordered the defendant to make full restitution and sentenced the defendant to the maximum of ten years on each count, to run consecutively. Id. at p. 2, 12, 65 So.3d at 671, 677. The Fourth Circuit Court of Appeal vacated the defendant’s sentences as excessive, finding that the trial court imposed a sentence which was not particularized to the defendant and the offense charged. Id. at p. 13, 65 So.3d at 678.
However, the Louisiana Supreme Court recently reversed the Fourth Circuit’s opinion and reinstated the sentences imposed by the trial court. State v. Colvin, 2011-1040 (La.3/13/12), 85 So.3d 663. The Louisiana Supreme Court stated:
the court of appeal lost sight of a fundamental principle of sentence review at the appellate level that we have repeatedly stressed. The pertinent question on appellate review is “whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate.” State v. Humphrey, 445 So.2d 1155, 1165 (La.1984); see also | ¿State v. Taves, 03-0518, p. 4 (La.12/3/03), 861 So.2d 144, 147 (per cu-riam) (collecting cases). A trial court “abuses its discretion only when it contravenes the prohibition of excessive punishment in La. Const, art. I, § 20, i.e., when it imposes ‘punishment disproportionate to the offense.’ ” State v. Soraparu, 97-1027 (La.10/13/97), 703 So.2d 608 (quoting State v. Sepulvado, 367 So.2d 762, 767 (La.1979)). In making that determination, “we must consider the punishment and the crime in light of the harm to society caused by its commission and determine whether the penalty is so disproportionate to the crime committed as to shock our sense of justice.” State v. Bonanno, 384 So.2d 355, 358 (La.1980). [Emphasis added].
Id. at p. 7, 85 So.3d at 667-68. The Supreme Court noted that the trial court gave defense counsel a full and fair opportunity to present mitigating evidence — numerous witnesses testified and several letters from Alabama public officials were submitted to attest to the defendant’s caring and generous character. Id. at p. 7-8, 85 So.3d at 668. Nevertheless, the trial court ultimately agreed with the prosecution, that the defendant’s conduct was not merely business ineptitude but rather false representations, lies, and broken promises. Id. The Supreme Court found that the record fully supported the trial court’s decision to impose the maximum sentence.
Similarly, Wilson had the opportunity to testify and present evidence of mitigating factors. A review of the record demonstrates that the trial court heard testimony from Wilson in support of mitigation and from each of the victims. The trial judge therefore complied with its obligation to examine and consider mitigating evidence, despite the fact that the trial court did not articulate mitigating factors specifically in imposing Wilson’s sentence. The fact that the trial court also consid *1074 ered Wilson’s behavior and lack of respect for the judicial system does not amount to an abuse of discretion. A trial judge may consider a defendant’s |10character and attitude in sentencing. State v. Gleason, 533 So.2d 1032, 1034 (La.App. 4th Cir.1988) (citing State v. Calzadilla, 455 So.2d 1244, 1250 (La.App. 4th Cir.1984)). Moreover, lack of compliance with Art. 894.1 does not necessarily require that the sentence be set aside if “the record otherwise clearly illumines the trial court’s sentencing choice and demonstrates that the sentence is not arbitrary or excessive.” State v. Lawson, 474 So.2d 455, 458 (La.App. 4th Cir.1985) (quoting State v. Jett, 419 So.2d 844, 852 (La.1982)); See also, State v. Batiste, 2006-0875, p. 18 (La.App. 4 Cir. 12/20/06), 947 So.2d 810, 820 (holding that articulation of the factual basis for a sentence is the goal of Art. 894.1, not rigid or mechanical compliance with its provisions; where the record clearly shows an adequate factual basis for the sentence imposed, resen-tencing is unnecessary even when there has not been full compliance with Art. 894.1).
In the present case, the record demonstrates that Wilson was paid large sums of money for services that were never rendered. The record also reflects that Wilson made excuses for his failure to perform and made no effort to repay his victims or abide by his plea agreement. The record confirms that Wilson did not appear for his sentencing hearing, that a capias was issued for his arrest, and he was arrested in Texas. Excluding Wilson, no witnesses were called to attest to his good character or any other mitigating circumstances. Therefore, the trial court did not need to specify each aggravating and/or mitigating factor as the record supports the sentence imposed.
Furthermore, the ten year sentence the trial court imposed was within the range statutorily provided by La. R.S. 14:67(B)(1). A trial judge has broad discretion to sentence within statutory limits and under the standard just recently articulated by the Louisiana Supreme Court in Colvin, a trial court “abuses its | ndiscretion only when it ... imposes punishment disproportionate to the offense.’ ” Colvin, 2011-1040, p. 7, 85 So.3d 663, 668. In making that determination, the court of appeal must consider “whether the penalty is so disproportionate to the crime committed as to shock our sense of justice.” Id.
Here, the trial court sentenced Wilson to concurrent terms of ten years for two counts of theft for taking approximately $280,000 from his victims. Even though imposing the maximum sentence in this case appears to be harsh it is not an abuse of discretion as courts have upheld ten year sentences for defendants convicted of theft of $500.00 or more. See, State v. Daigle, 96-782, p. 1-4 (La.App. 5 Cir. 1/28/97), 688 So.2d 158, 159-60 (finding that a sentence of ten years was not excessive for a corporate accountant who embezzled an estimated $600,000, even though defendant had no prior felony convictions and made partial restitution to the victims); State v. LeBlanc, 578 So.2d 1036 (La.App. 3 Cir.1991) (upholding a ten year sentence for a defendant who committed theft of approximately $120,000 and noting the defendant’s lengthy criminal record); State v. Smith, 43,757 (La.App. 2 Cir. 12/3/08), 999 So.2d 171 (upholding a ten year sentence for a defendant who pled guilty to theft, where he failed to compensate the victim and had a history of similar criminal activity); Colvin, 2011-1040, p. 10, 85 So.3d 663, 669 (reinstating the trial court’s consecutive sentence of ten years of imprisonment at hard labor for six counts of felony, totaling $270,000, even though defendant had no prior record and was a first offender).
*1075 The trial court considered Wilson’s testimony concerning his lack of criminal record, the problems his business was facing, and other mitigating circumstances. However, the trial court in its broad discretion found that the mitigating evidence was outweighed by Wilson’s failure to make restitution and 112disregard for judicial system.[9] The trial court, therefore, did not err when it imposed the statutory limit of ten years for two counts of felony theft over $500.

CONCLUSION

The record demonstrates that the trial court had an adequate factual basis for imposing Wilson’s sentence. Considering the trial court’s great discretion in imposing sentences and the recent Supreme Court opinion in Colvin, the sentences are affirmed.
AFFIRMED

.At the time that Wilson committed theft the statute provided punishment for theft of property valued over $500; not for theft over $1,000. Nevertheless, there appears to be a discrepancy in the record as to whether Wilson pled nolo contendere as to two counts of theft over $500 or whether it was to two counts of theft over $1,000. The May 19, 2008 transcript states the plea was for theft over $1,000, but both the plea agreement and the transcript for the sentencing hearing state that it was for theft over $500.

. On September 21, 2007 the State moved to amend its bill of information to include Wilson's business, Michael & Meyer Custom Theater Design, LLC. Wilson pled not guilty to the amended bill of information on October 12, 2007. On January 18, 2008 the State again amended its bill of information to include names of other victims.

. See footnote 1.

. The plea agreement provided: "sentence deferred pending restitution of $280,000; if paid by _ plea withdraw and plea to 2 *1070 misdemeanor counts (expungible).” Wilson further claimed that he should be able to withdraw his plea because he entered into the "best interest” plea to avoid the danger of trial and because nothing in the record established his guilt. In addition, Wilson maintained that the court should not impose a harsh sentence as punishment for his failure to appear, and instead suggested that that issue should be dealt with in a contempt hearing.

.At the time that Wilson committed the two counts of theft La. R.S. 14:67(B)(1) provided: Whoever commits the crime of theft when the misappropriation or taking amounts to a value of five hundred dollars or more shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than three thousand dollars, or both.

. On April 13, 2010 Wilson filed an amended motion to reconsider sentence to specifically assert that the trial court failed to adequately consider the sentencing guidelines of La. C. Cr. P. art. 894.1 in imposing the sentence and thus making the sentence illegal.

. Smith estimated the preliminary work that Wilson performed to be worth $20,000.

. La R.S. 14:67(B)(1) provides for a maximum sentence of imprisonment, with or without hard labor, for not more than ten years, or a fine of not more than $3,000, or both.

. A trial court is permitted to consider a defendant's truthfulness (Wilson’s confusion concerning the date to make restitution and misunderstanding concerning the extradition proceedings) in judging his attitude and a defendant’s behavior (Wilson's violation of the plea agreement) in sentencing.