STATE OF LOUISIANA  *  NO. 2024-KA-0280

VERSUS  *

  COURT OF APPEAL

JARROD PERKINS  *

  FOURTH CIRCUIT

  *

  STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
25TH JDC, PARISH OF PLAQUEMINES
NO. 21-1988, DIVISION "B"
Honorable Michael D. Clement
* * * * * *
**Judge Nakisha Ervin-Knott**
* * * * * *

(Court composed of Judge Karen K. Herman, Judge Nakisha Ervin-Knott, Judge Monique G. Morial)

Liz Murrill
Louisiana Attorney General
Irena Zajickova
J. Taylor Gray
Assistant Attorneys General
Louisiana Department of Justice
P.O. Box 94005
Baton Rouge, LA 70804

  COUNSEL FOR THE STATE OF LOUISIANA

Sherry Watters
LOUISIANA APPEALS & WRIT SERVICE
P. O. Box 58769
New Orleans, LA 70158

  COUNSEL FOR DEFENDAT/APPELLANT

  **AFFIRMED**
  **February 4, 2026**

NEK

KKH

MGM

Defendant, Jarrod Perkins, appeals his conviction and sentence for violating La. R.S. 40:967 and distributing cocaine. For the reasons that follow, we affirm Defendant's conviction and sentence.

**RELEVANT FACTUAL AND PROCEDURAL HISTORY**

Defendant was charged with one count of distribution of a Schedule II controlled dangerous substance in violation of La. R.S. 40:967(A)(1) on August 25, 2021, for selling cocaine to a confidential informant on January 15, 2020. The State filed a notice of intent to offer evidence of similar crimes on January 20, 2023, and the district court granted the motion. Thereafter, on February 3, 2023, Defendant moved to quash the petit jury venire, alleging the jury venire illegally excluded people previously convicted with a felony from serving on his jury. Following a hearing on February 8, 2023, the district court denied his motion.

A two day trial commenced on February 13, 2023, before a six-person jury. At the conclusion of the trial, the jury found Defendant guilty as charged. The district court sentenced Defendant to a maximum sentence of ten years on August 30, 2023. This appeal followed.

1

## ERRORS PATENT

Prior to reviewing the merits of an appeal, the appellate court is tasked with reviewing the record for any patent errors.[1] Our review of the record does not reveal any patent errors.

## ASSIGNMENTS OF ERROR[2]

1. The district court erred in admitting Defendant's three prior convictions into evidence.

2. The district court erred in failing to strike the jury venire because it excluded people with prior felony convictions.

3. The prosecutor's questions and comments during voir dire and closing arguments prevented a fair and impartial jury.

4. The trial by a six-person jury violated Defendant's Fifth and Sixth Amendment rights.

5. The district court erred by imposing an excessive sentence.

## DISCUSSION

***Whether the district court erred in admitting Defendant's three prior convictions into evidence?***

Defendant first argues that the district court committed reversible error in admitting evidence of his prior convictions at trial. We review the district court's decision to admit this evidence under an abuse of discretion standard. *State v. Hampton*, 2015-1222, p. 7 (La. App. 4 Cir. 12/23/15), 183 So. 3d 769, 774 (citing *State v. Wright*, 2011-0141, pp. 10-11 (La. 12/6/11), 79 So. 3d 309, 316).

Evidence of a defendant's past crimes or wrongs is not admissible to prove his character and show that he acted in conformity with his character. La. C.E. art.

---

[1] A patent error is one "that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence." La. C.Cr.P. art. 920.

[2] Defendant had assignments of error nos. 2-4 combined as a singular assignment of error in his appellate brief. For ease of discussion, we have split the issues into multiple assignments of error.

404(B). However, that evidence may be used for other purposes, such as to show intent, knowledge, or absence of mistake or accident. *Id*. Past, similar offenses may be used to establish the elements of a crime charged so long as they are not offered to show the defendant's general propensity to commit crime. *See generally*, *State v. Anderson*, 343 So. 2d 135, 138 (La. 1976). That is, the other crimes evidence "must have substantial relevance independent from showing defendant's general criminal character and thus [it] is not admissible unless it tends to prove a material fact at issue or to rebut a defendant's defense." *State v. Taylor*, 2016-1124, p. 12 (La. 12/1/16), 217 So. 3d 283, 292 (citation omitted). One legitimate use of other crimes evidence is to "negate an innocent explanation for an undoubtedly unlawful act[] as . . . done unknowingly." *State v. Silguero*, 608 So. 2d 627, 629 (La. 1992) (citation, internal quotation, and emphasis omitted).

Prior to trial, the State filed a notice of intent to introduce evidence of Defendant's past convictions. These included a 2007 guilty plea wherein Defendant pled guilty to seven counts of distribution of cocaine, a 2008 guilty plea to one count of distribution of cocaine, and a 2014 guilty plea to one count of distribution of cocaine. At the hearing on the matter, the State argued the purpose of introducing the convictions was to show that Defendant had the specific intent to distribute the cocaine. That is, the State intended to use the evidence to show that Defendant knew he was specifically selling cocaine, as opposed to some other substance. Louisiana Revised Statute 40:967(A)(1) provides that is illegal for a person to "knowingly or intentionally" distribute, or to "possess with [the] intent" to distribute, a controlled dangerous substance. Thus, Defendant possessing with the intent to distribute cocaine is an essential element of the charged crime the

3

State needed to prove. Considering this, we do not find the district court abused its discretion in admitting Defendant's prior convictions.

***Whether the district court erred in failing to strike the jury venire because it allegedly excluded people with prior felony convictions?***

Louisiana Code of Criminal Procedure article 401 lists a number of qualifications a person must have to serve on a criminal jury. Prior to 2021, people who had been convicted of a felony were excluded from serving on a jury. *See* La. C.Cr.P. art. 401(A)(5) (repealed by Acts 2021, No. 121, § 1). However, effective August 1, 2021, the legislature amended the article to allow for people convicted of felonies to qualify to serve on a jury, so long as their imprisonment, probation, or parole was completed five years prior to their jury service. La. C.Cr.P. art. 401(A)(5).

The proper mechanism for challenging an improperly drawn, selected, or constituted jury venire is through a motion to quash filed prior to the beginning of jury selection. *State v. Sly*, 2023-60, p. 53 (La. App. 5 Cir. 11/2/23), 376 So. 3d 1047, 1088, *writ denied* 2023-01588 (La. 4/23/24), 383 So. 3d 608 (citing La. C.Cr.P. art. 532(9)). Yet, a jury venire "shall not be set aside for any reason unless fraud has been practiced, some great wrong committed that would work irreparable injury to the defendant, or unless persons were systematically excluded from the venire solely upon the basis of race." La. C.Cr.P. art. 419(A). Defendant, as the mover, bore the burden of establishing a purposeful discrimination in the selection of the petit jury venire. *State v. Brown*, 2018-01999, p. 112 (La. 9/30/21), 330 So. 3d 199, 281 (citation omitted).

Defendant filed a motion to quash the petit jury venire on February 3, 2023, and the district court held an evidentiary hearing on the motion on February 8,

4

2023. During that hearing, defense counsel introduced the empaneled jury venire into evidence along with the questionnaire sent to the prospective jurors. The questionnaire informed the prospective jurors that convicted felons were excluded from sitting on a jury. In denying the motion to quash, the district court judge noted that (1) the prospective venire was randomly drawn from the list of registered voters in Plaquemines Parish, (2) the questionnaire told the prospective jurors to bring evidence of their conviction with them, and (3) the questionnaire told the prospective jurors that they were not excused from service until the judge excused them. In light of this, the district court judge found that Defendant failed to show the venire was improperly paneled. Furthermore, the record reflects that, during jury examination, one of the prospective jurors in attendance had a prior felony conviction. Therefore, we find this assignment of error lacks merit.

***Whether the prosecutor's questions and comments during voir dire and closing arguments prevented a fair and impartial jury?***

Defendant argues that his right to a fair trial was violated by improper questions and comments posed by the prosecution during jury voir dire and closing arguments. "[O]n appeal, the defense is limited to those grounds raised at trial." *State v. Pollard*, 2014-0445, p. 13 (La. App. 4 Cir. 4/15/15), 165 So. 3d 289, 299 (citation omitted). The law is clear that the appellate court cannot address any alleged error if the party raising the error failed to lodge a simultaneous objection before the lower court. *See* La. C.Cr.P. art. 841(A). This is so that the lower court can make a ruling on the matter and cure or prevent any potential error. *Pollard*, 2014-0445, p. 13, 165 So. 3d at 299. Despite Defendant taking issue with many of the prosecutor's comments during voir dire and closing arguments, the transcript

shows that defense counsel failed to object to these comments when they were said. As such, Defendant failed to preserve this error for consideration on appeal.

### *Whether a trial by a six-person jury violated Defendant's Fifth and Sixth Amendment rights?*

Next, Defendant asserts that he was entitled to a twelve-person jury and his rights were violated because he was convicted by a six-person jury. A twelve member jury is required for cases where hard labor is *mandated. State v. Bauman*, 2017-0659, p. 12 (La. App. 4 Cir. 12/20/17), 234 So. 3d 1028, 1036 (citing La. Const. art. I § 17(A) and La. C.Cr.P. art. 782(A)) (emphasis added). However, "[a] case in which the punishment *may* be confinement at hard labor shall be tried by a jury composed of six jurors, all of whom must concur to render a verdict." La. C.Cr.P. art. 782(A) (emphasis added). Defendant acknowledges in his brief that the crime for distribution of cocaine allows for a sentence to be imposed with or without hard labor. *See* La. R.S. 40:967(B)(1)(a). Nevertheless, Defendant argues that he should not have been tried by a six-person jury and requests that "this Court consider the unconstitutionality of Louisiana's use of six person juries . . . ."

Defendant never filed a motion or raised an objection to being tried by a six-person jury at the district court level. "It is well-settled that a constitutional challenge may not be considered by an appellate court unless it was properly pleaded and raised in the trial court below." *State v. Hatton*, 2007-2377, p. 13 (La. 7/1/08), 985 So. 2d 709, 718 (citation omitted). Thus, Defendant failed to preserve this claim for appeal.

### *Whether the district court imposed an excessive sentence?*

Finally, Defendant contends that his ten year sentence is excessive in light of the small amount of cocaine he had on his person. While he acknowledges the

crime of distribution of cocaine carries a sentencing range of one to ten years, *see* La. R.S. 40:967(B)(1)(a), he claims the circumstances surrounding the crime were more consistent with a simple possession charge, which carries a maximum two-year sentence.

"A sentence is considered excessive, even when it is within the applicable statutory range, if it is grossly disproportionate to the seriousness of the offense or imposes needless and purposeless pain and suffering." *State v. Williams*, 2015-0866, p. 12 (La. App. 4 Cir. 1/20/16), 186 So. 3d 242, 250. A trial judge is afforded wide discretion in determining a sentence. *State v. DeGruy*, 2020-0290, pp. 8-9 (La. App. 4 Cir. 10/29/20), 307 So. 3d 258, 264 (quoting *State v. Bradley*, 2018-0734, p. 8 (La. App. 4 Cir. 5/15/19), 272 So. 3d 94, 99-100). "In reviewing a sentence for excessiveness, the appellate court must consider the punishment and the crime in light of the harm to society and gauge whether the penalty is so disproportionate as to shock the court's sense of justice." *Williams*, 2015-0866, p. 12, 186 So. 3d at 250 (citing *State v. Wilson*, 2011-0960, p. 9 (La. App. 4 Cir. 9/5/12), 99 So. 3d 1067, 1073). Whether a sentence is excessive is a question of law, and the appellate court cannot set aside a sentence unless it finds the lower court manifestly abused its discretion. *DeGruy*, 2020-0290, pp. 8-9, 307 So. 3d at 264 (citation omitted).

Louisiana Code of Criminal Procedure article 894.1 provides a set of factors for the trial judge to consider when sentencing a defendant. *See generally*, *State v. McGee*, 1998-2116, p. 18 (La. App. 4 Cir. 2/23/00), 757 So. 2d 50, 62. This includes the defendant's personal history, prior criminal history, and likelihood of rehabilitation. *Id.* at pp. 18-19, 757 So. 2d at 62 (citation omitted). Even if the trial judge fails to articulate the factual basis for a sentence, if the record clearly shows

an adequate basis for the sentence, then appellate intervention is not warranted. *See id*. at p. 19, 757 So. 2d at 62.

While the trial judge in this case did not articulate his reason for imposing the maximum sentence under La. R.S. 40:967, we find that the record supports the maximum sentence in this case. Defendant has an extensive criminal history of committing this exact crime. Defendant has three prior convictions for distributing cocaine that stem from a total of nine different incidents. This current incident is not the first time he distributed cocaine, nor is it the second or third time. It is the tenth time. Despite his prior convictions, Defendant disregarded the law and continued to engage in the precise activity he knew to be illegal. In consideration of this, we find the record supports Defendant's maximum sentence.

## DECREE

For the foregoing reasons, we affirm Defendant's conviction and sentence.

**AFFIRMED**